Timothy G. McNulty, Esq. (# 159227)
**MILBERG & DE PHILLIPS, P.C.**
2163 Newcastle Avenue, Ste. 200
Cardiff by the Sea, CA 92007
Telephone: (760) 943-7103
Facsimile: (760) 943-6750
Email: tmcnulty@surflaw.net

Attorneys for Defendant,
MIRA MESA MARKETPLACE EAST, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. D.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.:  08 CV 0045 BTM CAB<br><br>**DEFENDANT MIRA MESA MARKETPLACE EAST, LLC.'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SUPPLEMENTAL STATE LAW CLAIMS**<br><br>[FRCP §§ 12(b)(1); 28 U.S.C. 1367(c)]<br><br>Complaint Filed: January 8, 2008<br><br>Judge: Hon. Barry Ted Moskowitz<br><br>Courtroom: 15<br><br>Date: April 11, 2008<br><br>Time: 11:00 a.m.<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

## I.

## **INTRODUCTION**

Plaintiffs' complaint states a First Cause of Action, with Claims I-1V, alleging violations of federal accessibly law and a Second Cause of Action, with Claims I-III , alleging violations of California accessibility laws including the Unruh Act. Defendant MIRA MESA MARKETPLACE

1

EAST, LLC; (hereinafter referred to as "Defendant"), responds to the Plaintiffs' Complaint by moving under Federal Rules of Civil Procedure §12(b)(1) for the Court to dismiss the state law claims for all of the reasons set forth in 28 USC §1367(c), especially in light of the conflict in California state law surrounding the California Unruh Act and Civil Code §52(a) after the decision rendered in *Gunther v. Lin* 144 Cal. App. 4th 223 (2006). Plaintiff's state law claims are more appropriately resolved by the California state courts.

In recent ADA cases, various orders have been issued by this district court dismissing state law disability discrimination claims. In fact, in a recent disability discrimination case filed by the Plaintiff DIANE CROSS, the district court dismissed her state law claims based on a conflict of law surrounding the California Unruh Act. (See Exhibit "A" *Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *3 (S.D. Cal. Mar. 6, 2007) attached as Exhibit "A" to Defendant's Request for Judicial Notice filed with the Motion to Dismiss.)

## II.

## LEGAL DISCUSSION

**A.     Supplemental Jurisdiction Should Be Denied Because Plaintiffs' Complaint Raises Unsettled State Law Claims Which Should be Resolved by the State Courts**

In their complaint, plaintiffs have the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America* 511 US 375, 377,(1994). Under 28 U.S.C. 1367(c), the court may decline supplemental jurisdiction if any one of four grounds exist:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c); [See district court orders attached to Defendant's Request for Judicial Notice: Exh. "A",  *Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543  JM (RBB), 2007 WL 951772, *3 (S.D. Cal. Mar. 6, 2007);  Exh. "B", *Kohler v. Mira Mesa Marketplace West, LLC.*, NO. 06 CV 2399, WQH (POR), (S.D. Cal. June 4, 2007); Exh. "C",

1    *Ronald Wilson v. PFS, LLC dba McDonald's #23315,* No. 06 CV 1046 WQH (NLS) (S.D.
2    Cal. May 31, 2007.); Exh. "D" *Morgan v. American Stores Company* LLC 2007 Lexis 47776
3    (S.D. Cal. June 29, 2007. ]

4    In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Executive Software N. Am., Inc. v. USDC for the Cent. Dist. of Calif.*, 24 F.3d 1545, 1557 (9th Cir. 1994). Recently, the California Court of Appeal, Fourth District, Division Three, issued the decision of *Gunther v. Lin* 144 Cal. App.4th 223 (2006). In an extensive analysis of the relevant portions of California ADA law, and its interrelation with California ADA Law and Federal ADA Law, the Court rejected the Ninth Circuit's reasoning in *Lentini v. California Center for the Arts, Escondido*, 370 F.3d 837, 847 (9th Cir.2004). The court held intentional discrimination was required to obtain damages under California Civil Code §52(a) for access violations under the Unruh Act. The court reaffirmed the earlier California Supreme Court decision, *Harris v. Capital Growth Investors,* 52 Cal.3d 1142, 1175 (1991) "that a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations in violation of the terms of the Act" in order to recover damages under §52. *Id.* The Court further echoed the growing number of district courts that have declined supplemental jurisdiction by stating:

> "[s]tate law claims have become the tails that wag the dog of federal ADA litigation in California, as plaintiffs seek to cash in on the higher minimum penalties provided by section 52, ignoring section 54.3." <u>Gunther at 256</u>.

In this case, the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims which present novel and complex issues of state law in light of the recent California Court of Appeal decision in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006), which held that California Civil Code § 52's statutory damages provision requires proof of intentional discrimination. The issue of whether the Unruh Act and California Civil Code § 52 requires proof of intentional discrimination to obtain statutory minimum damages is a complex and unsettled area of State law.

The California Supreme Court first addressed the question in *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 n.12 (1985), stating that the Unruh Act did not require proof of discriminatory intent. Six years later, the issue arose again in *Harris v. Capital Growth Investors*, 52 Cal. 3d 1142, 172-73

3

(1991), where the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations." After *Harris*, the California State Legislature amended California Civil Code § 51 in 1992, and added a provision which states that a defendant violates the Unruh Act whenever it violates the ADA. *See* Cal. Civil Code § 51(f). The amendment raised the question of whether the statute as amended and read in conjunction with California Civil Code § 52 requires proof of intentional discrimination. In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded *Harris*, and held that where a defendant violates the ADA, the Unruh Act is also violated regardless of whether a Plaintiff can prove intentional discrimination. *See Lentini v. Calif. Ctr. for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). However, in 2006, the California Court of Appeal held that *Harris* was still viable, rejected *Lentini* as an incorrect interpretation of California law, and held that California Civil Code § 52 required proof of intentional discrimination. *See Gunther*, 144 Cal. App. 4th at 252-57.

Since *Gunther*, various federal district courts have noted the unsettled nature of the Unruh Act's damages provision and declined to exercise supplemental jurisdiction over state Unruh Act and DPA claims, *see Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, p. 4-5 (S.D. Cal. Mar. 6, 2007). See also *Kohler v. Mira Mesa Marketplace East*, *et al,* No. 06CV2399 WQH (POR), (SD Cal. June 4, 2007.) *Ronald Wilson v. PFS, LLC dba McDonald's #23315,* No. 06 CV 1046 WQH (NLS) (S.D. Cal. May 31, 2007.), copies of which are attached as Exhibits "A" - "D" to Defendant's Notice of Lodgment. This court should note that prior to filing her complaint in this case, Plaintiff Cross had already had state law ADA claims dismissed in her complaint filed in *Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, p. 4-5 (S.D. Cal. Mar. 6, 2007).[1]

This Court should rule that Plaintiff's state law claims are more appropriately resolved by state courts in light of *Gunther* and the current state of California disability law. The Unruh Act's

---

1. On January 8, 2008Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION and DIANE CROSS have filed an identical complaint against MIRA MESA MARKET PLACE WEST, LLC. and other defendants in Case No. 08 CV 0046 JM JMA, entitled *Outerbridge Access Association , Diane Cross v. Home Depot U.S.A; Mira Mesa Marketplace West, LLC.*, to which Defendant Mira Mesa Marketplace has filed a Motion to Dismiss Supplemental State law claims scheduled to be heard on March 21, 2008, 1:30 p.m. before Judge Jeffery Miller, Courtroom 16, United States District Court, Southern District of California.

1  remedial provisions present novel and complex matters of state law that are better left to the
2  California courts to resolve an irreconcilable conflict of law between the ADA and the Unruh Act.
3  *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, p. 5 (S.D. Cal. Mar. 6, 2007) (citing *Brick*
4  *Oven Restaurant*, 406 F. Supp. 2d at 1130). The novelty and complexity of the state law is such that
5  comity supports the granting of the motion to dismiss the state law claims.

## III.

## CONCLUSION

8  Defendant respectfully requests that the court decline supplemental jurisdiction of Plaintiff's
9  state law claims and dismiss Plaintiff's entire second cause of action and state law claims numbers
10 I-III which are entirely based on the Unruh Act, California Civil Code §52(a) and Disabled Persons
11 Act, California Civil Code §54.3 and Plaintiffs' related prayer for damages based on California law.

Dated: February 12, 2008                    MILBERG & DE PHILLIPS

                                            */s/ Timothy G McNulty*
                                       By:  _____
                                            Timothy G. McNulty
                                            Attorneys for Defendant, MIRA MESA
                                            MARKETPLACE EAST, LLC
                                            Email: tmcnulty@surflaw.net