EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS,<br><br>    Plaintiff,<br><br>    vs.<br><br>PACIFIC COAST PLAZA INVESTMENTS,<br>L.P. et al.,<br><br>    Defendants. | CASE NO. 06 CV 2543 JM (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS THE SUPPLEMENTAL STATE CLAIMS**<br><br>**[Docket No. 29]** |

I.    **BACKGROUND**

        This is a disability discrimination case alleging that defendants, various retail establishments, have violated federal and state law by not removing architectural barriers which prevent Plaintiff, an alleged disabled individual, from enjoying full and equal access to defendants' stores. Plaintiff brings claims arising under the ADA, the California Unruh Civil Rights Act (the "Unruh Act"), the California Disabled Persons Act ("DPA"), and the Health and Safety Code.  Pending before the court is defendant SWH Corporation's, doing business as Mimi's Café ("MC"), Rule 12(b)(1) motion to dismiss the supplemental state claims for lack of subject matter jurisdiction. See Docket No. 29. Co-defendants Starbucks Corporation ("Starbucks") and Bed, Bath & Beyond join in MC's motion. See Docket Nos. 31, 48.

        Plaintiff alleges that she is a paraplegic and therefore "physically disabled" within the meaning of federal and state law. Comp. ¶ 23. She also alleges that MC "is an establishment serving food and

06cv2543

1   drink, open to the public, which is intended for nonresidential use and whose operation affects

2   commerce." Id. ¶ 28.  During an alleged visit to MC, Plaintiff contends she encountered physical and

3   intangible barriers that prevented her from enjoying full and equal access to MC and deter her from

4   returning.  Id. ¶ 45.  The same allegations are made with respect to Starbucks and Bed, Bath &

5   Beyond.  Id. ¶¶ 43, 47.   Plaintiff does not allege that MC, Starbucks, or Bed, Bath & Beyond

6   intended to discriminate against her on the basis of her disability.  Plaintiff seeks relief in the form of

7   damages,[1] injunctive and declaratory relief, and attorney's fees and costs.

8          MC makes two arguments as to why the court should dismiss Plaintiff's supplemental state

9   claims.  First, MC contends that Plaintiff is a "tester" and that California law does not confer standing

10  on testers to bring discrimination actions.  Second, MC argues that the state claims raise novel or

11  complex issues of California law and therefore the court should decline to exercise supplemental

12  jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(1).

13  **II.    STANDARD OF REVIEW**

14         A party may move the court to dismiss an action for lack of subject matter jurisdiction.  Fed.

15  R. Civ. P. 12(b)(1).  When the moving party argues that the allegations are insufficient to confer

16  subject matter jurisdiction as a matter of law, which is the situation here, the court accepts the

17  allegations as true.  Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005).  "The party

18  seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."

19  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

20  **III.   STANDING**

21         Under both federal and California law, a plaintiff must meet the jurisdictional requirement of

22  standing.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Municipal Court v. Superior

23  Court, 5 Cal.4th 1126, 1132 (1993) (providing that if a plaintiff lacks standing, California courts will

24  decline to address the merits).  A plaintiff has standing when, among other things, he has suffered an

25  injury in fact that is concrete and particularized as well as actual or imminent.  Lujan, 504 U.S. at 560;

26

27  ─────────────

28  [1]Plaintiff seeks damages pursuant to California law only.  The ADA does not permit private recovery of damages.  See 42 U.S.C. § 12188(a); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136 (9th Cir. 2002).

06cv2543

1  see also Schmier v. Supreme Court, 78 Cal. App. 4th 703, 707 (2000) ("A person who invokes the

2  judicial process lacks standing if he . . . does not have a real interest in the ultimate adjudication

3  because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably

4  to assure that all of the relevant facts and issues will be adequately presented.") (internal quotations

5  omitted).

6         In the context of this case, a "tester" is someone who, falsely posing as a disabled individual,

7  visits a place of public accommodation for the express purpose of gathering evidence of discrimination

8  in order to bring a lawsuit. See Blumhorst v. Jewish Family Serv. of Los Angeles, 126 Cal. App. 4th

9  993, 997 n.2 (2005). Testers who do not suffer personal injury lack standing to bring a discrimination

10  claim. See id. at 1003.

11         Since MC argues that Plaintiff lacks standing as a matter of law because California does not

12  confer standing on testers absent personal injury, the court accepts the allegations set forth in the

13  complaint as true. Whisnant, 400 F.3d at 1179. Plaintiff alleges that she is disabled. Comp. ¶ 23.

14  Plaintiff further alleges that she visited MC, encountered architectural barriers there, and is deterred

15  from returning. Id. ¶ 45. Plaintiff makes the same allegations with respect to defendants Starbucks

16  and Bed, Bath & Beyond. Id. ¶¶ 43, 47. The court finds that these allegations are sufficient to

17  establish standing at this stage in the litigation. Org. for the Advancement of Minorities with

18  Disabilities v. Brick Oven Restaurant, 406 F. Supp. 2d 1120, 1126-27 (S.D. Cal. 2005) (Gonzalez,

19  C.J., presiding) (finding allegations of injury sufficient to withstand challenge to standing at pleading

20  stages). There is nothing in the complaint alleging that Plaintiff is a tester who did not suffer personal

21  injury as a result of the events alleged.

22         MC contends Plaintiff is a "tester" because in this single action, Plaintiff has sued all of the

23  businesses in the same shopping center and has filed numerous ADA lawsuits in the past. Other than

24  to accuse Plaintiff of drafting a "shotgun style Complaint", MC points to no specific allegation that

25  would support finding that Plaintiff is a tester. Mot. at 1. Furthermore, the fact that Plaintiff may have

26  filed other lawsuits is not probative of Plaintiff's standing at this stage in the case. See Brick Oven

27  Restaurant, 406 F. Supp. 2d at 1127, 1131 (finding ADA plaintiff had established standing at pleading

28  stages even though plaintiff had filed 178 ADA cases in the past).

06cv2543

1        MC cites <u>Molski v. Mandarin Touch Restaurant</u>, 347 F. Supp. 2d 860, 862-63 (C.D. Cal.

2    2004), and <u>Wilson v. Costco Wholesale Corp.</u>, 426 F. Supp. 2d 1115, 1122-23 (S.D. Cal. 2006) in

3    support of its argument that Plaintiff has suffered no actual injury and therefore her case should be

4    dismissed for lack of standing.  <u>Molski</u>, however, involved the defendant's motion to declare the

5    plaintiff a vexatious litigant, and it therefore has no application here.  <u>Wilson</u>, which found that the

6    plaintiff-patron lacked standing to sue for violations of the ADA, 426 F. Supp. 2d at 1123, was

7    decided on the parties' cross motions for summary judgment.  By contrast, this case is at the pleading

8    stages and therefore the court, in deciding the standing issue, looks only to the sufficiency of the

9    allegations.  <u>Whisnant</u>, 400 F.3d at 1179.  In sum, MC's cited authorities do not support its argument.

10        Accordingly, the motion to dismiss the supplemental state claims for lack of standing is denied.

11    The complaint sufficiently alleges that Plaintiff has suffered  personal injury.  The next issue raised

12    by MC is whether the court should decline to exercise its supplemental jurisdiction in light of the state

13    law issues presented.

14    **IV.**    **SUPPLEMENTAL JURISDICTION**

15        In an action over which it has original jurisdiction, a federal court must exercise supplemental

16    jurisdiction over all other state claims that arise out of the same common nucleus of operative facts.

17    <u>See</u> 28 U.S.C. § 1367(a); <u>Executive Software N. Am., Inc. v. United States Dist. Court</u>, 24 F.3d 1545,

18    1556 (9th Cir. 1994).   However, a court may decline to exercise supplemental jurisdiction if:

19            (1) the claim raises a novel or complex issue of State law,

20            (2) the claim substantially predominates over the claim or claims over which the
                district court has original jurisdiction,
21

22            (3) the district court has dismissed all claims over which it has original
                jurisdiction, or

23            (4) in exceptional circumstances, there are other compelling reasons for declining
                jurisdiction.
24

25    § 1367(c).

26        Here, Plaintiff brings an ADA claim, a claim over which this court has original jurisdiction.

27    28 U.S.C. §§ 1331, 1343.  Therefore, the court must exercise supplemental jurisdiction over the

28    California claims so long as they arise out of the same common nucleus of operative facts giving rise

06cv2543

1    to the ADA claim, which in this case they clearly do. The court may, however, decline to exercise its

2    supplemental jurisdiction if one of the conditions delineated in § 1367(c) is present in the case.

3           Here, MC argues that Plaintiff's state claims raise a novel or complex issue of state law in light

4    of the recent California decision <u>Gunther v. Lin</u>,144 Cal. App. 4th 223 (2006). This is because,

5    according to MC, the holding in <u>Gunther</u> is in direct conflict with <u>Lentini v. California Center for the

6    Arts</u>, 370 F.3d 837 (9th Cir. 2004), in which the Ninth Circuit construed the interplay between the

7    Unruh Act and the ADA. Before addressing the merits of this argument, a brief discussion of the DPA

8    and the Unruh Act is necessary.

9           **A. The DPA and the Unruh Act**[2]

10          The DPA provides in relevant part,

11          Individuals with disabilities or medical conditions have the same right as the
            general public to the full and free use of the streets, highways, sidewalks,
12          walkways, public buildings, medical facilities, including hospitals, clinics, and
            physicians' offices, public facilities, and other public places.
13

14   Cal. Civ. Code § 54(a). Private plaintiffs may recover no less than $1,000 statutory damages "for each

15   offense" of the DPA pursuant to Cal. Civ. Code § 54.3(a). The Unruh Act in turn provides that

16          All persons within the jurisdiction of this state are free and equal, and no matter
            what their sex, race, color, religion, ancestry, national origin, disability, medical
17          condition, marital status, or sexual orientation are entitled to the full and equal
            accommodations, advantages, facilities, privileges, or services in all business
18          establishments of every kind whatsoever.

19   <u>Id.</u> § 51(b). Pursuant to Cal. Civ. Code § 52(a), private plaintiffs may recover no less than $4,000 "for

20   each and every offense" from defendants who violate the Unruh Act.        A violation of the ADA is

21   automatically deemed a violation of the DPA and the Unruh Act. <u>Id.</u> §§ 51(f), 54(c). A meritorious

22   ADA claim does not require proof of intent. <u>See</u> 42 U.S.C. § 12182(b)(2)(A)(iv); <u>Lentini</u>, 370 F.3d

23   at 846-47. In contrast, the Unruh Act requires the plaintiff to prove intentional discrimination. <u>Harris

24   v. Capital Growth Investors XIV</u>, 52 Cal. 3d 1142, 1149 (1991); <u>Gunther</u>, 144 Cal. App. 4th at 233.

25   _____

26          [2]Plaintiff's Health and Safety Code § 19953 claim is for an alleged violation of § 19955(a), which
     provides that public accommodations or facilities shall be accessible to and usable by persons with disabilities.
27   Cal. Health & Safety Code § 19955(a); Cal. Gov. Code § 4450. The parties do not discuss the propriety of
     exercising supplemental jurisdiction over this claim. However, since the underlying facts alleged with respect
28   to all three state claims are the same, the court decides the supplemental jurisdiction issue with respect to the
     Health and Safety Code claim based on the parties' DPA and Unruh Act arguments.

1    In <u>Lentini</u>, the Ninth Circuit, acknowledging that no binding authority yet existed on the

2    question, held that when a plaintiff prevails in federal court on an ADA claim without proof of

3    intentional discrimination, the plaintiff may also recover on his supplemental Unruh Act claim, <u>even</u>

4    <u>though a successful Unruh Act claim adjudicated separately would have required proof of intent</u>.

5    <u>Lentini</u>, 370 F.3d at 847.  This was so in light of "the plain meaning of the Unruh Act's language,

6    which states that a violation of the ADA is, *per se*, a violation of the Unruh Act."  <u>Id.</u>; <u>accord</u> <u>Mantic</u>

7    <u>Ashanti's Cause v. Darwish Plaza</u>, 2006 U.S. Dist. LEXIS 33650, *19 n.3 (S.D. Cal. Apr. 21, 2006);

8    <u>Deanda v. Savings Investment, Inc.</u>, 2005 U.S. Dist. LEXIS 40091, *23 (S.D. Cal. Nov. 8, 2005).

9        **B.    The *Gunther* Decision**

10    MC argues that the court should decline to exercise supplemental jurisdiction because <u>Gunther</u>

11    shows that the relevant California law is unsettled.  This is so, MC contends, because (1) a petition

12    has been filed with the California Supreme Court for review of <u>Gunther</u>, (2) numerous requests for

13    depublication of <u>Gunther</u> have been filed, and (3) <u>Gunther</u> held that <u>Lentini</u> flew in the face of the

14    California Supreme Court's decision in <u>Harris</u>, <u>supra</u>, when the Ninth Circuit awarded Unruh Act

15    remedies for unintentional conduct, even though an ADA violation is per se an Unruh Act violation.

16    <u>Gunther</u>, 144 Cal. App. 4th at 255 ("To the degree that *Presta* or *Lentini* is read as authorizing money

17    damage and minimum damage claims under section 52, it is not persuasive as a statement of state

18    law[.]"); <u>see</u> <u>also</u> <u>id.</u> at 256 ("For our part, however, we cannot consider . . . *Lentini*, to be [an]

19    accurate statement[] of our own state law and we respectfully decline to follow [it].").

20    MC's first two arguments are moot.  On January 17, 2007, the California Supreme Court

21    denied the petition for review as well as the request for depublication.  <u>Gunther v. Lin</u>, 2007 Cal.

22    LEXIS 350 (Cal. Jan. 17, 2007).  MC's third argument, however, has merit.  As set forth below,

23    <u>Gunther</u> demonstrates the following conundrum in the law.

24    Section 51(f) of the California Civil Code provides that a defendant violates the Unruh Act

25    whenever it violates the ADA.  As stated earlier, a defendant can violate the ADA without intending

26    to discriminate.  By contrast, successful Unruh Act claims require proof of intent.  <u>Harris</u>, 52 Cal. 3d

27    at 1149.  However, according to the Ninth Circuit, such proof is not required when liability is

28    premised on an ADA violation.  <u>Lentini</u>, 370 F.3d at 847.  In direct contrast to <u>Lentini</u>, <u>Gunther</u> held

06cv2543

1    that Unruh Act remedies are not available absent proof of intent, even when a defendant is found to

2    have violated the ADA.    Gunther, 144 Cal. App. 4th at 324-25.    However, the result under

3    Gunther–which leaves a successful ADA plaintiff without a corresponding Unruh Act

4    remedy–undermines the California legislature's purpose in passing section 51(f) to provide that a

5    violation of the ADA is also a violation of the Unruh Act.    The court presumes that the California

6    legislature did not intend section 51(f) to be a law that is all bark and no bite.

7         As circumstances presently exist, this court is faced with irreconcilable authorities based on

8    the current status of state law.    On the one hand, the court is bound by Lentini, which would allow

9    Plaintiff to recover for an unintentional Unruh Act violation if MC were found to have violated the

10   ADA, whether intentionally or unintentionally.    On the other hand, according to Gunther, Lentini is

11   an incorrect interpretation of the Unruh Act in this regard.    The California Supreme Court has declined

12   to review Gunther and has also declined requests for depublication.    The court cannot adhere to the

13   teachings of both Lentini and Gunther.    Acknowledging the issues of comity presented in a similar

14   ADA case, Chief Judge Gonzalez in Brick Oven Restaurant found "that the remedial provisions of the

15   Unruh Act and the California DPA present novel and complex issues of unresolved state law.

16   Ultimately, this is a matter of state law, which is better left to the California courts."    Brick Oven

17   Restaurant, 406 F. Supp. 2d at 1130.    Gunther, decided after Brick Oven Restaurant, shows that the

18   comity interests have become more, not less, compelling over time as the courts struggle to resolve

19   what is at the moment an irreconcilable tension between the ADA and the Unruh Act.    In sum, Lentini

20   and Gunther show that federal and state interpretation of the Unruh Act have diverged to such a degree

21   that declining supplemental jurisdiction is appropriate in this case.[3]

22         Plaintiff has not made any persuasive argument as to why the court should retain its

23   supplemental jurisdiction.    Relying on Modern Dev. Co. v. Navigators Ins. Co., 111 Cal. App. 4th 932

24   (2003), Plaintiff contends that the Unruh Act only requires proof of intent that the architectural layout

25   be the way it was, not proof of intent to discriminate against disabled persons.    Oppo. at 9.    Not only

26

27   ────────────────

28        [3] Even though this court has the option of certifying the issue to the California Supreme Court, there is no reason to think exercising this option would be helpful in light of that court's recent denial of review in Gunther.

06cv2543

1  is this argument irrelevant to issues raised by Gunther and Lentini, but Plaintiff cites text from Modern
2  Development that is actually the defendant's brief and not the holding of the court. Id.; Modern Dev.,
3  111 Cal. App. 4th at 941.

4       Plaintiff also argues that even if the court were to find the state claims raise novel or complex
5  issues of state law, it must still determine whether the exercise of its discretion to decline supplemental
6  jurisdiction would most sensibly accommodate the values of economy, convenience, fairness, and
7  comity. Executive Software, 24 F.3d at 1552. It would undoubtedly be more convenient to have this
8  suit adjudicated in one action. Moreover, it would not be erroneous to retain supplemental jurisdiction
9  since here the federal and state claims arise out of the same common nucleus of operative facts. On
10  balance, however, the novelty and complexity of state law is such that comity supports the granting
11  of the motion and California courts to resolving the issue. Brick Oven Restaurant, 406 F. Supp. 2d
12  at 1130.

13       The briefs cite similar ADA cases from this district on the supplemental jurisdiction issue,
14  most of them favoring Plaintiff and one favoring MC. Compare Brick Oven Restaurant, 406 F. Supp.
15  2d at 1132 (declining to exercise supplemental jurisdiction) with Wilson v. PFS LLC, 2006 WL
16  3841517, *6 (S.D. Cal. Nov. 2, 2006) (finding no exceptional circumstances for declining to exercise
17  supplemental jurisdiction over California claims in ADA case); Feezor v. Wal-Mart Stores, Inc., 2006
18  WL 220152, *4 (S.D. Cal. Jan. 25, 2006) (same); Chavez v. Suzuki, 2005 WL 3477848, *2 (S.D. Cal.
19  Nov. 30, 2005) ("Although the Unruh Act and DPA claims may implicate issues that remain to be
20  resolved under state law-most notably, how to determine 'each offense' for purposes of damages-the
21  Court does not find that these issues are of such complexity or centrality that the Court must surrender
22  jurisdiction."); Wilson v. Wal-Mart Stores, Inc., 2005 WL 3477827, *3 (S.D. Cal. Oct. 12, 2005)
23  (rejecting notion that availability of damages under California but not under federal law is a basis for
24  declining to exercise supplemental jurisdiction). However, these cases were decided before Gunther,
25  which now provides a new and compelling basis for declining supplemental jurisdiction in this case.
26  ///
27  ///
28  ///

06cv2543

Finally, although the tension between <u>Lentini</u> and <u>Gunther</u> applies only to Plaintiff's Unruh Act claim, the court finds that the most efficient course is to also dismiss the DPA and Health and Safety Code claims as well. This would allow the state court to adjudicate Plaintiff's state claims in their entirety.

## V.   CONCLUSION

Essentially, the California state courts, through the <u>Gunther</u> case, which the California Supreme Court has declined to hear, has told the federal courts, "you got it wrong," when <u>Lentini</u> was decided. The "it" in <u>Lentini</u> was an interpretation of California state law and an attempt to reconcile the Unruh Act's remedies and sanctions for intentional discrimination, when liability is premised on an unintentional violation of the ADA, with the ADA itself, which does not require proof of intentional discrimination. Given considerations of comity and the other "compelling reasons" articulated above, "the ball" is now in the California courts on this conundrum. The motion to dismiss the supplemental state claims is **GRANTED**. The court **DISMISSES** without prejudice all of Plaintiff's state claims pursuant to 28 U.S.C.   § 1367(c)(1).

**IT IS SO ORDERED.**

DATED:  March 6, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties

- 9 -

06cv2543