EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>    Plaintiff,<br><br>vs.<br><br>MIRA MESA MARKETPLACE WEST, LLC, et al.,<br><br>    Defendants. | CASE NO. 06CV2399 WQH (POR)<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**<br><br>(Docs. # 40, 43, 58) |

HAYES, J:

The matter before the Court is the Motion to Dismiss filed by Defendant SWH Corporation dba Mimi's Cafe #0050 ("SWH") (Doc. # 40), as well as the motions for, or notices of, joinder in SWH's Motion to Dismiss filed by seven other Defendants (Docs. # 43, 44, 45, 46, 49, 56, 58). The Court finds this matter suitable for submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## BACKGROUND

On October 30, 2006, Plaintiff Chris Kohler filed the Complaint in this matter, asserting federal Americans with Disability Act ("ADA") claims as well as California state law claims

1

06cv2399 WQH (POR)

pursuant to the Disabled Person Act ("DPA"), the Unruh Civil Rights Act ("Unruh Act"), and the California Health & Safety Code against twelve businesses located in a business mall at Westview Parkway in San Diego. (Doc. # 1.) Plaintiff alleges that he is physically disabled, and "visited [each Defendant's] facilities and encountered barriers (both physical and intangible) that interfered with--if not outright denied--his ability to use and enjoy the goods, services, privileges, and accommodations offered at these facilities." (Compl. ¶¶ 17, 28.) Plaintiff seeks exemplary damages, injunctive and declaratory relief, attorneys fees and costs pursuant to the ADA and California statutes.

SWH moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 28 U.S.C. § 1367(c), arguing that Plaintiff lacks standing to bring an Unruh Act cause of action, or, alternatively, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff opposes the motion.

## STANDARD OF REVIEW

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims . . . ." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c); *see also Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *3 (S.D. Cal. Mar. 6, 2007). In deciding whether to exercise

supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Executive Software N. Am., Inc. v. USDC for the Cent. Dist. of Calif.*, 24 F.3d 1545, 1557 (9th Cir. 1994) (internal quotations omitted).

## DISCUSSION

The Complaint includes one federal ADA claim and three state claims pursuant to the DPA, the Unruh Act, and the California Health and Safety Code against each Defendant. The underlying factual allegations are the same for all of Plaintiff's claims, and therefore Plaintiff's state law claims share the requisite "common nucleus of operative facts" with the federal claims to allow this Court to exercise jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. *See Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005).

SWH argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the state law claims present novel and complex issues of state law in light of the recent California Court of Appeal decision in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006), which held that CAL. CIV. CODE § 52's statutory damages provision requires proof of intentional discrimination. SWH argues that the issue of whether the Unruh Act and CAL. CIV. CODE § 52 require proof of intentional discrimination to obtain statutory minimum damages is a complex and unsettled area of the law.

The California Supreme Court first addressed the question in *Koire v. Metro Car Wash*, 40 Cal. 3d 24, 33 n.12 (1985), stating in a footnote that the Unruh Act did not require proof of discriminatory intent. Six years later, the issue squarely presented itself again in *Harris v. Capital Growth Investors*, 52 Cal. 3d 1142, 172-73 (1991), where, after reviewing the statute in detail, the California Supreme Court held that "a plaintiff seeking to establish a case under the Unruh Act must plead and prove intentional discrimination in public accommodations." After *Harris*, the California State Legislature amended CAL. CIV. CODE § 51 in 1992, and added a provision which states that a defendant violates the Unruh Act whenever it violates the ADA. *See* CAL. CIV. CODE § 51(f). The amendment raised the question of whether the

statute as amended and read in conjunction with CAL. CIV. CODE § 52 required proof of intentional discrimination.

In 2004, the Court of Appeals for the Ninth Circuit found that the 1992 Unruh Act amendments superseded *Harris*, and held that where a defendant violates the ADA, the Unruh Act is also violated regardless of whether a Plaintiff can prove intentional discrimination. *See Lentini v. Calif. Ctr. for the Arts*, 370 F.3d 837, 846-47 (9th Cir. 2004). In 2006, the California Court of Appeal held that *Harris* was still viable, rejected *Lentini* as an incorrect interpretation of California law, and held that CAL. CIV. CODE § 52 required proof of intentional discrimination. *See Gunther*, 144 Cal. App. 4th at 252-57. Since *Gunther*, at least one federal court has followed *Lentini* and disregarded *Gunther*, *see Wilson v. Haria and Gogri Corp.*, No. CIV.S-05-1239 LKK/DAD, 2007 WL 851744, *6-11 (E.D. Cal. Mar. 22, 2007), while at least another federal court has noted the unsettled nature of the Unruh Act's damages provision and declined to exercise supplemental jurisdiction over state Unruh Act and DPA claims, *see Cross v. Pacific Coast Plaza Investments, L.P.*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *4-5 (S.D. Cal. Mar. 6, 2007).

This Court concludes that Plaintiff's state law claims are more appropriately resolved by state courts in light of *Gunther* and the current state of California disability law. At this point in time, the Unruh Act's remedial provisions present novel and complex matters of state law that are "better left to the California courts" to resolve "what is at the moment and irreconcilable tension between the ADA and the Unruh Act." *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5 (S.D. Cal. Mar. 6, 2007) (citing *Brick Oven Restaurant*, 406 F. Supp. 2d at 1130). Though the Court has the power to retain jurisdiction over the state law claims, the Court concludes that, "on balance . . . the novelty and complexity of the state law is such that comity supports the granting" of the motion to dismiss the state law claims. *Cross*, No. 06 CV 2543 JM (RBB), 2007 WL 951772, *5-6 (S.D. Cal. Mar. 6, 2007).

## CONCLUSION

For the reasons set out above, SWH's Motion to Dismiss (Doc. # 40) is **GRANTED**. The Motions for Joinder to SWH's Motion to Dismiss (Docs. # 43, 58) are **GRANTED**. All

of Plaintiff's state law claims against all remaining Defendants are **DISMISSED** without prejudice to the Plaintiff refiling those claims in state court. Plaintiff's ADA claims against all remaining Defendants remain pending in this Court.

DATED: June 4, 2007

**WILLIAM Q. HAYES**
United States District Judge