1  **PINNOCK & WAKEFIELD**
   A Professional Corporation
2  Michelle L. Wakefield, Esq.           Bar #: 200424
   David C. Wakefield, Esq.              Bar #: 185736
3  3033 Fifth Avenue, Suite 410
   San Diego, CA  92103
4  Telephone:  619.858.3671
   Facsimile:   619.858.3646
5  Email: DavidWakefield@PinnockWakefieldLaw.com
   Attorneys for Plaintiffs
6

7                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA
8

9

10 | OUTERBRIDGE ACCESS ASSOCIATION,       | Case No.: 08cv0045 BTM (CAB)
   | SUING ON BEHALF OF DIANE CROSS;       |
11 | and DIANE CROSS, An Individual,       | PLAINTIFFS' MEMORANDUM OF
   |                                       | POINTS AND AUTHORITIES IN
12 |             Plaintiffs,               | OPPOSITION TO DEFENDANT MIRA
   |                                       | MESA MARKETPLACE EAST, LLC'S
13 |       v.                              | MOTION TO DISMISS
14 |                                       | SUPPLEMENTAL STATE LAW
   | ROSS DRESS FOR LESS, INC. d.b.a. ROSS | CLAIMS
15 | DRESS FOR LESS #478; MANNA            |
   | DEVELOPMENT GROUP, LLC d.b.a.         | Date:    April 11, 2008
16 | PANERA BREAD #4279; MIRA MESA         | Time:    11:00 AM
17 | MARKETPLACE EAST, LLC; and DOES 1     | Judge:   Hon. Barry T. Moskowitz
   | THROUGH 10, Inclusive                 | Courtrm: 15
18 |             Defendants.               |
19 |                                       | NO ORAL ARGUMENT UNLESS
20 |                                       | REQUESTED BY THE COURT

21

22              I.      **INTRODUCTION**

23      Plaintiff Diane Cross respectfully submits this Opposition to Defendant Mira Mesa

24 Marketplace East, LLC's, Motion To Dismissal Supplemental State Law Claims.  Plaintiffs'

25 Opposition consists of this Memorandum Of Points And Authorities and the Declaration Of

26 Michelle L. Wakefield.

27 **A.      Procedural History**

28

                              -- 1          Case#: 08cv0045 BTM (CAB)
                   PLAINTIFFS' OPPOSTION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs originally filed their Complaint in the present action on January 8, 2008. Defendant filed its present motion on February 12, 2008.

B. **Statement Of Relevant Facts**

Plaintiff Diane Cross ("Cross") has physical impairments and due to his disability has learned to operate a wheelchair for mobility. (Complaint; ¶ 12). Cross is a member of the Plaintiff Outerbridge Access Association. (Complaint ¶ 12). On January 6, 2007, Plaintiff's member Diane Cross patronized the retail businesses within the Mira Mesa Marketplace East complex, including the Ross Dress For Less #478 and the Panera Bread #4279. to utilize their goods and services. (Complaint ¶ 13). Defendants collectively own or operate the public accommodation businesses, Ross Dress For Less, Inc. **d.b.a. Ross** Dress For Less #478; Manna Development Group, LLC d.b.a. **Panera** Bread #4279; Mira Mesa Marketplace East, LLC and/or own, lease, or operate the real property on which these businesses are located. (Complaint ¶ 4). Plaintiff's member Diane Cross encountered access barriers to Defendants' establishments including interior path of travel, pick-up counter, condiment counter, and seating within the establishments, that denied her full and equal access to Defendants' establishments. (Complaint, ¶¶ 14-18, set forth in more detail therein). Defendants' barriers to access violate the Americans With Disabilities Act (ADA) and California disability access laws since they deny Plaintiffs full and equal access to Defendants' facilities. (Complaint; ¶¶ 28-45). Plaintiffs allege suffering unlawful discrimination because Defendants failed to remove architectural barriers which are structural in nature in Defendants' existing facilities. (Complaint ¶¶ 28-45).

Defendant Mira Mesa Marketplace East, LLC, brings its present motion and assertsd that this court should not exercise supplemental jurisdiction over Plaintiffs' California state claims for injunctive relief and damages. (Motion PA generally). The court should deny Defendant's present motion on all the asserted grounds for the reasons set forth below.

Plaintiffs have alleged that supplemental jurisdiction exist with respect to their California claims. (Complaint ¶ 3). Defendant Mira Mesa Marketplace East, LLC, does not dispute that supplemental jurisdiction over Plaintiffs' California claims is initially proper but incorrectly asserts

that the court should decline to exercise jurisdiction over said claims. A review of the proper exercise of supplemental jurisdiction is in order.

## II. SUPPLEMENTAL JURISIDCTION SHOULD BE GRANTED.

### A. Supplemental Jurisdiction Basis Exists

A court exercises supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *28 U.S.C. § 1367(a)*. "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together" *Bahrampour v Lampert*, 356 F.3d 969, 978 ( 9th Cir 2004) [ citing *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003)*]. The Ninth Circuit has stated that the exercise of supplement jurisdiction is mandated if the conditions of *§ 1367(a)* are met. *Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994)*. In the present case, Plaintiff Cross and the Outerbridge Access Association's state law claims share the same nucleus of operative facts. As stated more fully above, Plaintiffs federal ADA Title III claims arise under the federal statute that provides "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *42 U.S.C. § 12182(a)*. The plaintiffs have pled supplemental jurisdiction over their California (1) Unruh Act claims and (2) Disabled Persons Act claims. The Unruh Act provides that "all persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, <u>disability</u>, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments or every kind whatsoever." *Cal. Civ. Code § 51(b)*. (emphasis added). The Unruh Act incorporates the ADA through the provision "[a] violation of the right of any individual under

the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of this section." *Cal. Civ. Code § 51(f).* California Disabled Persons Act ("DPA") provides in pertinent part that "[i]ndividuals with disabilities shall be entitled to full and equal access ... to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited ...". *Cal. Civ. Code § 54.1(a)(1).* Additionally, the DPA incorporates the ADA through the provision "[a] violation of the right of any individual under the Americans with Disabilities (Public Law 101-336) shall also constitute a violation of this section." *Cal. Civ. Code § 54(c).* Thus, under the federal ADA, California Unruh Act, or the California DPA, any plaintiff states a cause of action when they prove (a) they are a person with a disability, (b) the defendant's business is a place of public accommodation, and (c) they were denied full and equal treatment because of their disability. In the present case, the facts to prove Plaintiffs' federal ADA Title III claims, and Plaintiffs' California Unruh Act and DPA claims all arise out of the same facts and circumstances. (See Complaint generally). Thus, Plaintiffs' California claims arise out of the same common nucleus of operative facts as their federal ADA Title III claims. Additionally, Plaintiffs have adequately alleged sufficient facts to state a claim for relief pursuant to these California claims. Initially, the court is required to exercise supplemental jurisdiction over Plaintiffs' California claims.

**B.    No Compelling Reason To Decline Jurisdiction**

Once supplemental jurisdiction has been established under *§ 1367(a)*, the district court can decline to assert supplemental jurisdiction over a pendant claim **only** if one of the four categories specifically enumerated in *§ 1367(c)* applies. *Executive Software N. Am., Inc. v. United States Dist. Court, 24 F.3d 1545, 1555-56 (9th Cir. 1994).* Additionally, the Ninth Circuit court has stated "that Congress intended that, outside of circumstances already recognized under current law that are codified in subsections (c)(1)-(c)(3), any further extension of *Gibbs* through subsection (c)(4) should be undertaken only when the district court both articulates 'compelling reasons' for declining jurisdiction and identifies how the situation that it confronts is 'exceptional' ". *Executive Software N. Am., Inc. v. United States Dist. Court* at 1557-58 (quoting *§ 1367*) (emphasis in original). In order to decline exercising supplemental jurisdiction, a district court must undertake a

case-specific analysis to determine whether declining supplemental jurisdiction "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity. *Bahrampour* at 978-979. Thus, the district court must first identify the subsection of 1367(c) that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity. *Executive Software N. Am., Inc. v. United States Dist. Court*, at 1557 [citing *Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992)* as the holding of that court). Defendant Mira Mesa Marketplace East, LLC, incorrectly asserts that this court should decline to exercise supplemental jurisdiction over Diane Cross's and the Outerbridge Access Association's California state law claims.

Defendant Mira Mesa Marketplace East, LLC, appears confused that to decline supplemental jurisdiction over pendant state claims does not effect the proper exercise of original jurisdiction over Plaintiffs federal ADA claims. However, pursuant to all the case law cited supra, it should be abundantly clear, in the case where a court exercises proper original jurisdiction based on federal question, that the court still retains jurisdiction over the federal claims even if the court declines to exercise supplemental jurisdiction over the state claims. In that case, the plaintiffs must file their state based claims in state court to preserve them while the case proceeds in federal court on the merits of the federal claims. The present case can not be dismissed in total when federal question subject matter jurisdiction is established as it is in this case.

Recently, <u>four</u> different judges within this District Court considered this very issue prior to the *Gunther* decision, and the defendants in each of those cases made the identical arguments as the defendants in the instant case and soundly rejected defendants' arguments.  See Judge Lorenz's previous decision in *Feezor v Wal-Mart Stores, Inc.* Slip Copy, 2006 WL 220152, *3 (S.D. Cal) [finding that the court's exercise of supplemental jurisdiction would best advance economy, convenience, fairness, and comity, and similarly rejecting 'forum-shopping' as an exceptional circumstance giving rise to compelling reasons for declining jurisdiction, as required by § 1367(c)(4); See Judge Moskowitz's decision in *Chavez v Suzuki*, Slip Copy, 2005 WL 3477848, *2 (SD Cal 2005) [noting that the state and federal ADA claims were so intertwined that it made little

1  sense to decline supplemental jurisdiction, state claims did not predominate the ADA claims, nor
2  was the issue of state statutory damages sufficiently novel or complex to meet the exceptional
3  reason for declining jurisdiction]; see Judge Benitez's decision in *Wilson v Wal-Mart Stores, Inc.*,
4  2005 WL 3477827, *2 (SD Cal 2005); and finally see Judge Hayes' latest decision in *Wilson v PFS
5  LLC dba McDonalds #23315*, "Order RE: Defendants Motion To Dismiss", Case Number:
6  06CV1046 WQH (NLS), Filed November 02, 2006, Docket Item #25, (SD Cal 2006) [citing
7  approvingly *Chavez v Suzuki* ].   Finally, if the court were to find that the state claims raise a novel
8  and complex issue of state law and/or substantially predominate over the ADA claim, it must still
9  determine whether the exercise of its discretion to decline supplemental jurisdiction would comport
10 with the underlying objective of "most sensibly accommodating" the values of "economy,
11 convenience, fairness, and comity". *Executive Software N. Am., Inc. v. United States Dist. Court*,
12 24 F.3d 1545, 1557 (9th Cir 1994).  Plaintiff Cross asserts that analyzing these values can only lead
13 to a determination that supplemental jurisdiction must not be declined, for to do so would create the
14 danger or multiple suits, courts rushing to judgment, increased litigation costs, and wasted judicial
15 resources.

    1.    <u>Novel And Complex State Law?</u>

17 Defendant Mira Mesa Marketplace East, LLC, implies that this court should decline
18 supplemental jurisdiction over Plaintiff Cross's state law claims since they are novel and complex.
19 A case-specific analysis must be undertaken to determine whether declining supplemental
20 jurisdiction on this basis "comports with the underlying objective of most sensibly accommodating
21 the values of economy, convenience, fairness and comity.  *Bahrampour* at 978-979.  In the present
22 case as stated above, under the federal ADA Title III claims, California Unruh Act, or the
23 California DPA, a plaintiff states a cause of action when they prove (1) they are a person with a
24 disability, (2) the defendant's business is a place of public accommodation, and (3) they were
25 denied full and equal treatment because of their disability.  Thus, the federal ADA claims will
26 require exactly the same proof to establish the three (3) elements for the federal claim as well as to
27 each of the two state causes of action.  Where the adjudication of all of the claims likely will
28 require the same witnesses, presentation of the same evidence, and determination of the same, or

very similar facts argues strongly in favor of retaining supplemental jurisdiction over the state law claims. *Vernon v Medical Management Associates Of Margate, Inc.*, 912 F. Supp. 1549, 1566 (SD Fl 1996) [citing *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1563-64 (11th Cir. 1994)]. Declining jurisdiction over the California causes of action would require an unnecessary duplication of effort by the California courts and does not comport with the values of economy, convenience, fairness and comity. Compelling advantages exist by promoting the values of judicial economy, convenience to the parties and witnesses, and fairness to the parties and witnesses by litigating these claims in a single forum

      Defendant asserts that the remedies available under the California claims cause these claims to be novel and complex. (Motion P&A pgs 3-4). The only remedy available under ADA Title III is limited to injunctive relief. *42 U.S.C. § 12182(a)*. The California Unruh Act and the California DPA like the federal ADA both provide the remedy of injunctive relief. *Cal. Civ. Code § 52(c) and Cal. Civ. Code § 55*. Diane Cross and the Outerbridge Access Association's California claims both seek injunctive relief pursuant to their California claims. The remedy of injunctive relief does not add any further complexity or novelty to these claims so the *Gibbs* factors still weigh in favor of retaining supplemental jurisdiction. The Plaintiff Outerbridge Access Association seeks only injunctive relief pursuant to its California claims. However, Plaintiff Diane Cross does seek monetary damages available under the California Unruh Act or alternatively, under the DPA. *Cal. Civ. Code § 52(a) or Cal. Civ. Code § 54.3(a)*. (Complaint pg 22, damages stated in the alternative). The DPA prohibits simultaneous recovery of damages separately under the Unruh Act provisions and the DPA. *Cal. Civ. Code § 54.3(c)*. As previously stated supra, under the federal ADA Title III claims, California Unruh Act, or the California DPA, a plaintiff to be entitled to relief must prove (1) they are a person with a disability, (2) the defendant's business is a place of public accommodation, and (3) they were denied full and equal treatment because of their disability. Thus, a plaintiff will have to prove these three elements even if the that plaintiff only sought injunctive relief under the ADA. The only additional proof a plaintiff would require to recover damages would be to provide evidence of any general damages, if any, otherwise the Plaintiff is restricted to recovering only minimum statutory damages. The compelling advantages

of promoting the values of judicial economy, convenience to the parties and witnesses, and fairness to the parties and witnesses by litigating these claims in a single forum far outweigh the minimal additional time, if any, to prove general damages.   If the Plaintiff has no general damages, then the plaintiff is entitled to recover only minimum statutory damages under either the Unruh Act or the DPA.  In that case, no additional court resources are required at all.

This court recently issued a decision after the *Lentini, Gunther* and *Wilson v Haria* cases and denied a motion by Defendants in that matter to decline exercise of supplemental jurisdiction. (See Wakefield Declaration, Exhibit D – Pinnock v Solana Beach Do It Yourself Dog Wash, Case #06CV1816 BTM, Docket Item #22).  <u>On July 3, 2007, Judge Moskowitz denied Defendants motion to decline supplemental jurisdiction noting that the court must still determine whether the exercise of its discretion to decline supplement jurisdiction would comport with the underlying objective of 'most sensibly accommodating the values of economy, convenience, fairness, and comity.</u>   In that decision, Judge Moskowitz analyzed and reasoned that it made little sense to decline supplemental jurisdiction.   Additionally, this court has prior experience dealing with determining damages in ADA cases.  Prior reported cases exist to provide further guidance to this court when damages are sought.  See *Gunther v Lin*, 2006 Cal. App. LEXIS 1670 [finding that certain ADAAG violations are prima facia intentional discrimination, strict liability for violating CA Civil Code section 54.3].  See *Modern Development Co. v Navigator Insurance Co.*, 111 Cal.App.4th 932 (Ct. App. 2003) [architectural layout is intentional]. *Donald v Café Royale, Inc.*, 218 Cal.App.3d 168 (Ct. App. 1990).  See also *Hankins v El Torito Restaurants, Inc*, 74 Cal.Rptr.2d 684 (Cal.App.1st 1998).  *Koire v Metro Car Wash*, 40 Cal.3d 24 (1985).   *Barrios v. Cal. Interscholastic Fed'n.*, 277 F.3d 1128, 1134 (9th Cir. 2002).  *Lentini v California Center For The Arts*, 370 F.3d 837 (9th Cir 2004).  *Botosan v Fitzhugh*, 13 F.Supp.2d 1047 (SD Cal 1998). *Boemios v Love's Restaurant*, 954 F.Supp 204 (SD Cal 1997). *Arnold v United Artists*, 158 F.R.D. 439 (ND Cal 1994).  Additionally, the recent California appellate case *Gunther v Lin* clarified California law regarding recovery of damages.

2.    <u>Claims Do Not Predominate</u>

1  A case-specific analysis must be undertaken to determine whether declining supplemental
2  jurisdiction on this predominance basis "comports with the underlying objective of most sensibly
3  accommodating the values of economy, convenience, fairness and comity. *Bahrampour* at 978-
4  979. As Plaintiffs have demonstrated above, proof of defendants liability for Plaintiffs' federal
5  ADA, California Unruh Act, and California DPA claims are identical. Additionally, Plaintiffs
6  requested injunctive relief requires no additional burden. "The argument for exercise of pendent
7  jurisdiction is particularly strong … where the two claims (federal and state) are closely tied".
8  *Miller v Lovett*, 879 F.2d 1066, 1072 (2nd Cir 1989) [involving civil rights action wherein state
9  claims for negligence, assault and battery were also present]. See also *Borough of West Mifflin v*
10  *Lancaster*, 45 F.3d 780, 790 (3rd Cir 1995) [ federal civil rights case with state malicious
11  prosecution, abuse of process, and conspiracy]. In the present case, the federal and state claims are
12  virtually identical and this argues strongly to exercise continuing jurisdiction over the state claims.
13  A court did not find the award of damages pursuant to the California DPA to a class of disabled
14  plaintiffs a difficult challenge in a class action setting. *Arnold v United Artists*, 158 F.R.D. 439
15  (ND Cal 1994). See also *Molski v Gleich, 318 F.3d 937 (9th Cir. 2003)* [ Even aggregation of
16  potential class damages exceeding $500 million dollars did not predominate over injunctive relief
17  sought]. See also *Chavez v Suzuki*, Slip Copy, 2005 WL 3477848, *2 (SD Cal 2005) [noting that
18  the state and federal ADA claims were so intertwined that it made little sense to decline
19  supplemental jurisdiction, state claims did not predominate the ADA claims, nor was the issue of
20  state statutory damages sufficiently novel or complex to meet the exceptional reason for declining
21  jurisdiction] and *Wilson v PFS LLC dba McDonalds #23315*, "Order RE: Defendants Motion To
22  Dismiss", Case Number: 06CV1046 WQH (NLS), Filed November 02, 2006, Docket Item #25,
23  (SD Cal 2006) [citing approvingly *Chavez v Suzuki* ]. The compelling advantages of promoting the
24  values of judicial economy, convenience to the parties and witnesses, and fairness to the parties and
25  witnesses by litigating these claims in a single forum far outweigh any other issues. Additionally,
26  while the plaintiffs have alleged a class action they have not yet moved to certify a class action. If
27  they sought class certification, Plaintiffs may not seek class damages. Even if plaintiffs did seek
28  damages at certification, this court has the discretion to certify an injunctive relief only class action.

Finally, a court may decline to exercise supplement jurisdiction at any stage of the litigation. *Innovative Home Health Care. Inc. v P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir 1994). In the present case, the court could reserve till later a decision regarding supplemental jurisdiction over Plaintiffs California claims if it was so disposed.

### III. CONCLUSION

Defendant Mira Mesa Marketplace East, LLC's motion to decline supplemental jurisdiction over Plaintiffs' claims for relief under their California state law claims should be denied for the reasons stated above. However, if the court's decision does not deny Defendant Mira Mesa Marketplace East, LLC's motion, then Plaintiffs respectfully request that they be permitted to amend their complaint to conform to the court's decision.

Respectfully submitted:

**PINNOCK & WAKEFIELD, APC**

Dated: March 26, 2008        By:

/S/ Michelle L. Wakefield
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs