1  **PINNOCK & WAKEFIELD**
   A Professional Corporation
2  Michelle L. Wakefield, Esq.          Bar #: 200424
   3033 Fifth Ave. Suite 410
3  San Diego, Ca 92103
   Telephone: 619.858.3671
4  Facsimile:   619.858.3646

5  Attorneys for Plaintiffs

6

7

8

9
                       UNITED STATES DISTRICT COURT
10                    SOUTHERN DISTRICT OF CALIFORNIA

11

12 | OUTERBRIDGE ACCESS ASSOCIATION, | Case No.: 08cv0045 BTM (CAB)
   | SUING ON BEHALF OF DIANE CROSS; |
13 | and DIANE CROSS, An Individual, | **DECLARATION OF MICHELLE L. WAKEFIELD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT MIRA MESA MARKETPLACE EAST, LLC's MOTION TO DISMISS SUPPLEMENTAL STATE LAW CLAIMS**
14 |            Plaintiffs,          |
15 |     v.                          |
16 |                                 |
   | ROSS DRESS FOR LESS, INC. d.b.a. ROSS |
17 | DRESS FOR LESS #478; MANNA      |
   | DEVELOPMENT GROUP, LLC d.b.a.   |
18 | PANERA BREAD #4279; MIRA MESA   |
19 | MARKETPLACE EAST, LLC;  and DOES 1 | Date:   April 11,  2008
   | THROUGH 10,  Inclusive,         | Time:   11:00 AM
20 |                                 | Judge:  Hon. Barry T. Moskowitz
   |            Defendants.          | Courtrm: 15
21

22                                     NO ORAL ARGUMENT UNLESS
                                       REQUESTED BY COURT
23

24

25

26

27

28

                                        1                        Case#: 08cv0045 BTM (CAB)
       DECLARATION OF MICHELLE WAKEFIELD IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
                                          DEFENDANT'S MOTION TO DISMISS

1  I, Michelle L. Wakefield, Do Declare:

2  1.     I have personal knowledge of the facts set forth in this declaration and if called as a witness I could competently testify to the following facts:

3  2.     I am an attorney of record for Pinnock & Wakefield, APC representing plaintiffs in the present matter. I am licensed to practice law in all courts in the State Of California and for the United States District Court For The Southern District Of California.

4  3.     Attached as Exhibit A, as pages 1 through 5 is a true and correct copy of Judge Moskowitz's decision in Pinnock v Solana Beach Do It Yourself Dog Wash, Case # 06CV1816 BTM, Docket Item # 22 issued on July 3, 2007.

   I do declare under the penalty of perjury and the laws of the United States and the State of California that the above is true and correct.

Dated: March 26, 2008              by:  S/ Michelle L. Wakefield
                                         Michelle L. Wakefield

EXHIBIT ___A___

Case 3:06-cv-01816-BTM-JMA   Document 22   Filed 07/03/2007   Page 1 of 5

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE A. PINNOCK, et al., | CASE NO. 06cv1816 BTM (JMA) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS [Doc. #17]** |
| vs. | |
| SOLANA BEACH DO IT YOURSELF DOG WASH, INC., et al., | |
| Defendants. | |

Presently pending before the Court is Defendants' motion to dismiss for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and to decline supplemental jurisdiction under 28 U.S.C. § 1367(c). For the reasons discussed below, the Court **DENIES** Defendants' motion.

I.   Dismissal of Claims for Injunctive Relief as Moot

Defendants argue that Plaintiffs' claims for injunctive relief under the Americans with Disabilities Act ("ADA") have been rendered moot. They claim that 4 of the 6 access issues specifically identified in the complaint relate to a property believed to be owned by the City of Solana Beach, but definitely not owned by any named Defendant. In addition, they claim that the remaining 2 access issues (steps at the front door and interior aisle clearance) either no longer, or never did, exist. Based on these allegedly undisputed facts, they contend that there is no meaningful injunctive relief that this Court could award to Plaintiffs against these Defendants, rendering Plaintiffs' claims moot.

1  Plaintiffs counter that dismissal of the complaint at this early stage in the litigation
2  would be entirely unjust and inappropriate. They claim that they are unable to respond to
3  Defendants' factual allegations because discovery in this matter was stayed just days after
4  Defendants answered the complaint. They ask that discovery be permitted before any
5  dismissal is granted based upon factual allegations not contained within their complaint.
6  The Court finds that Plaintiffs' request for discovery is appropriate and that granting
7  Defendants' motion for dismissal would be premature at this time. See Laub v. United States
8  Dept. of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) ("Although a refusal to grant discovery
9  to establish jurisdiction is not an abuse of discretion when 'it is clear that further discovery
10 would not demonstrate facts sufficient to constitute a basis for jurisdiction,' discovery should
11 be granted when, as here, the jurisdictional facts are contested or more facts are needed.")
12 (citation omitted). It is clear that the relevant facts are not undisputed at this time. As the
13 Ninth Circuit has explained: "A court may not resolve genuinely disputed facts where 'the
14 question of jurisdiction is dependent on the resolution of factual issues going to the merits.'
15 In such a case, the district court assumes the truth of allegations in a complaint . . . unless
16 controverted by undisputed facts in the record." Roberts v. Corrothers, 812 F.2d 1173, 1177
17 (9th Cir. 1987) (citations omitted).
18 In addition, Defendants' own declarations implicitly indicate that access issues may
19 exist at the present time, even if Defendants' fully intend to eliminate them through ongoing
20 renovations. For example, the declaration provided by Defendants' architect states that the
21 property *will* comply with disabled access requirements, once renovations are complete:

22    The plans I prepared and the guidance I provided for the renovations at the
      subject property were based on my best understanding of disabled access
23    requirements; I have handled a number of disabled access renovations in
      commercial property and believe that the plans and guidance I have
24    provided, *if faithfully implemented*, will fully comply with all applicable
      disabled access standards. More significantly, because I understand that the
25    property owners have *agreed* to have the finished work inspected by a
      qualified disabled access inspector and to make all other and further changes
26    identified by such inspector to be appropriate for disabled access, I believe
      each of these measures will collectively operate to cause the Property to
27    meet or exceed all applicable disabled access standards *when the work is
      finished*.
28

2    EXHIBIT _A_    06cv1816

1  (Declaration of Architect Damian Baumhover in Support of Motion to Dismiss at ¶ 5;
2  emphasis added.) Assurances of future compliance do not render the present controversy
3  moot.
4       For all of the above reasons, the Court finds that these issues would more
5  appropriately be considered on a motion for summary judgment, after some discovery has
6  been allowed. See Roberts, 812 F.2d at 1178 ("If a district court cannot determine
7  jurisdiction on the basis of a threshold inquiry analogous to a 12(b)(6) motion, the court may
8  assume jurisdiction and go on to determine the relevant jurisdictional facts 'on either a motion
9  going to the merits or at trial.'") (citation omitted). Therefore, Defendants' motion to dismiss
10 is **DENIED**.
11      However, the Court finds that discovery in this matter should proceed forthwith, as it
12 has the potential to eliminate all remaining issues expeditiously. The parties are directed to
13 meet with Magistrate Judge Adler, at a time specified by his court, for the purpose of
14 developing a streamlined discovery process that will allow Plaintiffs to quickly determine
15 whether Defendants' relevant factual allegations remain in dispute. Plaintiffs' ADA claims for
16 injunctive relief may not be totally moot, even if all access issues have been adequately
17 addressed, because the ADA allows the award of attorney fees for successful prosecution
18 of a claim. However, the Court cautions that unnecessary delay in resolving this matter will
19 not be rewarded with increased fees. The aims of the ADA are served once impediments
20 to disabled access have been eliminated, and continued legal work beyond that point does
21 not further those aims.
22 II.   Declining Supplemental Jurisdiction Over State Law Claims
23      In addition, Defendants argue that this Court should decline to assert jurisdiction over
24 Plaintiffs' pendent state law claims because, with the ADA claims mooted, they substantially
25 predominate over the federal claims. Defendants also argue that the other reasons for
26 declining jurisdiction set forth in 28 U.S.C. § 1367(c) are applicable, including considerable
27 uncertainty about the standard for awarding financial damages under California law as a
28 result of a 2006 decision of a California Court of Appeal. In particular, Defendants argue that

3   **EXHIBIT** A   06cv1816

1  the proper interpretation of California's Unruh Act and California Civil Code § 52 is greatly
2  unsettled in the wake of the decision in Gunther v. Lin, 50 Cal. Rptr. 3d 317 (Ct. App. 2006).
3  Gunther specifically rejected the Ninth Circuit's holding in Lentini v. Calif. Center for the Arts,
4  370 F.3d 837 (2004), which allowed for the award of damages under the Unruh Act
5  regardless of whether a Plaintiff can prove intentional discrimination.

6    The Court has already discussed above how Plaintiffs' claims for injunctive relief are
7  not found to be moot at this point. Thus, Defendants' first argument for declining
8  supplemental jurisdiction, the substantial predominance of state law claims, is inapplicable.
9  See 28 U.S.C. § 1367(c)(2). Turning to the other 3 possible reasons identified in § 1367(c)
10 for declining supplemental jurisdiction, the Court finds each of these unavailing as well.

11   The Gunther decision does present a situation in which the pendent state law claims
12 raise a novel or complex issue of state law. However, the Court must still determine whether
13 the exercise of its discretion to decline supplemental jurisdiction would comport with the
14 underlying objective of "'most sensibly accommodating' the values of 'economy,
15 convenience, fairness, and comity.'" Executive Software North America, Inc. v. United States
16 District Court for the Central District of California, 24 F.3d 1545, 1557 (9th Cir. 1994) (citations
17 omitted). Here, the Court's exercise of supplemental jurisdiction would best advance
18 economy, convenience, fairness, and comity. At this early stage, the state and federal claims
19 are so intertwined that it makes little sense to decline supplemental jurisdiction. To do so
20 would create the danger of courts rushing to judgment, increased litigation costs, and wasted
21 judicial resources.

22   In addition, while § 1367(c)(3) references the dismissal of all federal claims as a
23 reason to decline exercising supplemental jurisdiction over pendent state law claims, this
24 Court has denied Defendants' motion to dismiss the federal claims at this juncture. If, at a
25 future date, the ADA claims are resolved, Defendants may make another motion to dismiss
26 the state law claims. See Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir.1991) (quoting
27 Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)) ("[I]n the *usual* case in which
28 federal-law claims are eliminated before trial, the balance of factors . . . will point toward

declining to exercise jurisdiction over the remaining state law claims.")

Finally, the Court rejects Defendants' argument that this case presents "exceptional circumstances" in which "compelling reasons" exist for declining jurisdiction. 28 U.S.C. § 1367(c)(4). For now, this Court's jurisdiction is properly invoked to remedy alleged violations of the ADA. Therefore, Defendants' claim that "this case is no longer about access – just money," which is only available for the state law claims, is simply unavailing.

Accordingly, the Court **DENIES** Defendants' request to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims without prejudice to their ability to renew this request in the event that the circumstances of this Court's jurisdiction should change.

III. Conclusion

For the reasons expressed above, the Court **DENIES** Defendants' motion without prejudice [Doc. #17].

**IT IS SO ORDERED.**

DATED: July 3, 2007

Barry Ted Moskowitz
Hon. Barry Ted Moskowitz
United States District Judge

5   EXHIBIT   A   06cv1816