Timothy G. McNulty, Esq. (# 159227)
**MILBERG & DE PHILLIPS, P.C.**
2163 Newcastle Avenue, Ste. 200
Cardiff by the Sea, CA 92007
Telephone: (760) 943-7103
Facsimile: (760) 943-6750
Email: tmcnulty@surflaw.net

Attorneys for Defendant,
MIRA MESA MARKETPLACE EAST, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. D.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.: 08 CV 0045 BTM CAB<br><br>**DEFENDANT MIRA MESA MARKETPLACE EAST, LLC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>[FRCP §§ 12(b)(1); 28 U.S.C. 1367(c)]<br><br>Complaint Filed: January 8, 2008<br><br>Date: April 11, 2008<br>Time: 11:00 a.m.<br>Judge: Hon. Barry Ted Moskowitz<br>Courtroom: 15<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY COURT |

**I.**

**Plaintiffs' Dismissal of State Law Claims in a Related "ADA" Case Against the Same Defendant Reveals the Merit of Defendant's Current Motion to Dismiss State Law Claims**

As discussed in Defendant's moving papers, on January 8, 2008, Plaintiffs filed two separate but identically pleaded ADA complaints against shopping centers operated by Defendant entitled Outerbridge Access Association/Diane Cross vs. Mira Mesa Market Place West, LLC.; Home Depot U.S.A. Case No.:08 CV 0046 JM JMA (hereinafter referred to as the "Mira Mesa West Case") and Outerbridge Access Association/Diane Cross vs. Mira Mesa Market Place East; Ross Dress for

1

Less,, LLC. et. al. Case No.: 08 CV 0045 BTM CAB, (hereinafter referred to as the "Mira Mesa East Case"). The two shopping centers neighbor each other and are divided by Westview Parkway Road, in San Diego California.   (See McNulty Reply Declaration page 2, ¶2.)

On February 12, 2008, Defendant Mira Mesa Marketplace filed similar Motions to Dismiss Supplemental State law claims in both cases.   In the Mira Mesa West case, Plaintiffs decided to amend their complaint dismissing all State law claims. (See McNulty Reply Declaration p. 2 and Exh. "A" attached.)  The fact that Plaintiffs decided to dismiss State law claims in the related Mira Mesa West case shows the strong merit of Defendant's argument that the State law ADA claims should be resolved by the California state courts.  Otherwise, Plaintiff would not have decided to dismiss State law claims from their complaint.

## II.

**The Likelihood of Inconsistent Rulings and Duplicate Litigation in Different Courts is Greater if the State Law Claims are not Dismissed.**

There is a greater risk of inconsistent rulings and duplicative litigation among the two Mira Mesa West and East cases if the Court does not dismiss the State law claims in the Mira Mesa East case.  These two ADA cases were filed by Plaintiffs at the same time, against similar properties neighboring each other and against essentially the same defendant. The Mira Mesa West case, where the State law claims were dismissed, is likely to be consolidated into a State court action in San Diego Superior Court.  Thereby, the State court can resolve the conflicts in State law arising from the recent California Court of Appeal decision in Gunther v. Lin, 144 Cal. App. 4th 223 (2006), which held that California Civil Code § 52's statutory damages provision requires proof of intentional discrimination.   The California state court may also adjudicate the Federal law ADA claims plead by Plaintiff.  However, if the State law claims are not dismissed in the subject Mira Mesa East case, there is a likelihood of inconsistent rulings and duplicative litigation among the courts.

Finally, the Court should consider that in another recent ADA case filed against Defendant Mira Mesa Marketplace West, Kohler vs. Mira Mesa Marketplace East, et al, No. 06CV2399 WQH (POR), (SD Cal. June 4, 2007.), the Court recently dismissed the State law claims from Plaintiff's complaint. In that case, after the motion to dismiss Plaintiff Kohler decided to dismiss

2

his entire case, reserving the right to re-file both State and Federal law causes of action in San Diego Superior Court. (See McNulty Reply Declaration p.2, ¶4.)

Accordingly, for these reasons and for the grounds argued in Defendant's moving papers, Defendant requests that the court decline supplemental jurisdiction of Plaintiffs' State law claims and dismiss Plaintiff's entire second cause of action and State law claim numbers I-III which are entirely based on the Unruh Act, California Civil Code §52(a) and Disabled Persons Act, California Civil Code §54.3 and Plaintiffs' related prayer for damages based on California law.

Dated: April 1, 2008                                MILBERG & DE PHILLIPS, P.C.

By:  */s/ Timothy G McNulty*
———————————————
Timothy G. McNulty
Attorneys for Defendant, MIRA MESA
MARKETPLACE EAST, LLC
Email: tmcnulty@surflaw.net