1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ERNEST SLOME, SB# 122419
2  550 West "C" Street, Suite 800
   San Diego, California 92101
3  Telephone: (619) 233-1006
   Facsimile: (619) 233-8627
4

5  Attorneys for Defendant MANNA DEVELOPMENT GROUP, LLC dba PANERA BREAD #4279

6

7

8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 | OUTERBRIDGE ACCESS ASSOCIATION, ) CASE NO. 08 CV 0045 BTM CAB
   | SUING ON BEHALF OF DIANE CROSS, and )
12 | DIANE CROSS, an individual,         ) ANSWER TO COMPLAINT
   |                                     )
13 |           Plaintiffs,               )
   |                                     )
14 |       v.                            )
   |                                     )
15 | ROSS DRESS FOR LESS, INC. dba ROSS  )
   | DRESS FOR LESS #478; MANNA          )
16 | DEVELOPMENT GROUP, LLC dba PANERA   )
   | BREAD #4279; MIRA MESA              )
17 | MARKETPLACE EAST, LLC, AND DOES     )
   | AND DOES 1 THROUGH 10, Inclusive,   )
18 |                                     )
   |           Defendants.               )
19 |_____)

20      Defendant MANNA DEVELOPMENT GROUP, LLC dba PANERA BREAD #4279

21 (hereinafter "Defendant"), for itself and no other defendant, answers the complaint as follows:

22      Defendant admits the allegations contained in paragraphs 2, 4, and 24 of the complaint.

23      Defendant is without knowledge or information sufficient to form a belief as to the truth of

24 the allegations contained in paragraphs 1, 5, 6, 12, 13, 14, 15, 27, 35, 41, and 44 of the complaint,

25 and on that basis, denies each and every allegation contained therein.

26      Defendant denies the allegations contained in paragraphs 3, 7, 9, 10, 11, 16, 17, 18, 19, 20,

27 22, 25, 26, 28, 29, 30, 31, 33, 34, 36, 37, 38, 39, 40, 42, 43, and 45 of the complaint.

28 / / /

Defendant objects to the allegations contained in paragraph 8, 21, 23, and 32 of the complaint to the extent that the matters alleged therein are legal conclusions. Answering defendants are not required to admit or deny legal matters. As to the remaining matters alleged in these paragraphs, Defendant denies each and every allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(No Private Right of Action)

Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities in violation of California Health & Safety Code §§ 19955 *et seq.*, because there is no private right of action thereunder. California Health & Safety Code §19958.5.

### SECOND AFFIRMATIVE DEFENSE

(Premises Constructed Prior to Effective Date of Title III of ADA)

On information and belief, the premises owned and leased by this defendant was designed and constructed for first occupancy prior to January 26, 1992. 34 Code Fed. Regs. §§ 36.401(a)(2) and 36.152.

### THIRD AFFIRMATIVE DEFENSE

(Premises Were Not Altered or Modified After
the Effective Date of Title III of ADA)

On information and belief, the premises owned and leased by this defendant was not altered or modified after January 26, 1992. 14 U.S.C. § 12183(a); 34 Code Fed. Regs. § 36.402.

### FOURTH AFFIRMATIVE DEFENSE

(Removal of Structural Barriers Not Readily Achievable)

Removal of the structural barriers to access by persons with disabilities is not readily achievable.

### FIFTH AFFIRMATIVE DEFENSE

(No Entitlement to Attorneys' Fees)

Plaintiff is not entitled to recover attorneys' fees pursuant to the California Unfair Business Practices Act, California Business & Professions Code §§ 17200 *et seq.*

**SIXTH AFFIRMATIVE DEFENSE**

(Other's Responsibility)

Defendant alleges that under the terms of its lease agreements, responsibility for compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) (i.e., tenant, landlord, etc.) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

**SEVENTH AFFIRMATIVE DEFENSE**

(Provision of Access through Alternative Methods)

Defendant is informed and believes that it and other third parties (i.e., tenant, landlord, etc.) provide persons with disabilities alternatives to barrier removal by providing access to merchandise by alternative methods such as customer services and sales assistance.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to State Claim)

The complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff has failed to act reasonably to mitigate any damages that he has alleged in this action.

**TENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The complaint and every cause of action contained therein is barred by the applicable statute of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff has waived any claims he may have against this responding defendant arising from the transactions and occurrences set forth in the complaint.

/ / /

/ / /

**TWELFTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiff is estopped by his own conduct from asserting any and all claims he may have against this responding defendant arising from the transactions and occurrences set forth in the complaint.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Defendant's Conduct Was Not Intentional)

The discriminatory conduct alleged by plaintiff was not intentional.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Proximate Cause)

Defendant alleges upon information and belief that any acts or omissions to act by defendant was not the proximate cause of any injury suffered by plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unconstitutional)

Defendant alleges that an award of punitive damages is unconstitutional as it violates the due process clause of the California and the United States Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Unknown Defenses)

Answering defendant alleges that it may have other separate and/or additional defenses of which it are is not aware and hereby reserves the right to assert them by amendment to this answer as discovery continues.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Class Certification – Numerosity)

Defendant alleges that plaintiff cannot certify a class because there are not enough putative class members who were similarly situated to the plaintiff during the applicable statute of limitations period.

/ / /

/ / /

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Class Certification – Commonality)

Defendant alleges that plaintiff cannot certify a class because predominant questions of fact do not exist as to all putative class members.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Class Certification – Typicality and Adequacy)

Defendant alleges that plaintiff cannot certify a class because her claims are neither typical of the putative class, nor can she adequately represent the putative class because she has interests which inherently conflict with the interests of the putative class.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Inadequate Representative)

Plaintiff cannot assert a representative action, because she is an inadequate representative plaintiff for the proposed representative class.

WHEREFORE, this defendant prays for judgment as follows:

1. That plaintiff takes nothing by reason of the complaint on file herein;
2. For costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

Defendant alleges that an award of punitive damages is unconstitutional as it violates the due process clause of the California and the United States Constitutions.

DATED: April 4, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP


By   /s/ Ernest Slome
      Ernest Slome
Attorneys for Defendant MANNA DEVELOPMENT
GROUP, LLC dba PANERA BREAD #4279