JOHN M. JULIUS III, Bar No. 112640
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441

Attorneys for Defendant ROSS STORES, INC.
d.b.a. ROSS DRESS FOR LESS #478

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION SUING ON BEHALF OF DIANE CROSS, AND ITS MEMBER; DIANE CROSS, An Individual,<br><br>Plaintiff,<br><br>v.<br><br>ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC d.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC; AND DOES 1 THROUGH 10, INCLUSIVE<br><br>Defendants. | Case No. 08 CV 0045 BTM CAB<br><br>DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES<br><br>Complaint filed: 1/8/2008 |

Defendant ROSS STORES, INC. ("ROSS STORES"), sued herein as ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478 and referred to herein as "Defendant," responds to the Complaint ("Complaint") filed by Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION SUING ON BEHALF OF DIANE CROSS, and DIANE CROSS, An Individual ("Plaintiffs") in the above-captioned matter as follows:

1. Answering the allegations set forth in Paragraph 1 of the Complaint, Defendant admits that Plaintiff Diane Cross has initiated a lawsuit pertaining to the listed properties and facilities, that one of the entities sued is Ross, and that the lawsuit alleges discrimination.

Firmwide:84949868.1 022233.2185

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and every allegation contained therein.

2. Answering the allegations set forth in Paragraph 2 of the Complaint, Defendant admits that this Court has jurisdiction over the above-captioned matter and that venue is proper. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 2, Defendant denies each and every allegation contained therein.

3. Answering the allegations set forth in Paragraph 3 of the Complaint, Defendant admits that this Court may exercise supplemental jurisdiction over the state law claims set forth in the above-captioned matter. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 3, Defendant denies each and every allegation contained therein.

4. Answering the allegations set forth in Paragraph 4 of the Complaint, Defendant admits that it is the lessee of the business operating as Ross Dress For Less #478. Defendant lacks sufficient information and belief upon which to admit or deny the allegations with respect to other parties referenced in this paragraph and, based on that ground, denies generally and specifically those allegations. Defendant denies each and every other allegation contained therein as they pertain to Ross Dress For Less, Inc.

5. Answering the allegations set forth in Paragraph 5 of the Complaint, these allegations do not require a response.

6. Answering the allegations set forth in Paragraph 6 of the Complaint, Defendant denies each and every allegation contained therein as they pertain to Ross Dress For Less, Inc.

7. Answering the allegations set forth in Paragraph 7 of the Complaint, Defendant admits that it is the lessee of the business operating as Ross Dress For Less #478. Defendant denies each and every other allegation contained therein as they pertain to Ross Dress For Less, Inc.

8. Answering the allegations set forth in Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein as they pertain to Ross Dress For Less, Inc.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:84949868.1 022233.2185                         2.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

9. Answering the allegations set forth in Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. Answering the allegations set forth in Paragraph 10 of the Complaint, Defendant denies each and every allegation contained therein as they pertain to Ross Dress For Less, Inc.

11. Answering the allegations set forth in Paragraph 11 of the Complaint, Defendant denies each and every other allegation contained therein.

12. Answering the allegations set forth in Paragraph 12, Defendant lacks sufficient information and belief upon which to admit or deny the allegations and, based on that ground, denies generally and specifically those allegations.

13. Answering the allegations set forth in Paragraph 13 of the Complaint, Defendant lacks sufficient information and belief upon which to admit or deny the allegations and, based on that ground, denies generally and specifically those allegations.

14. Answering the allegations set forth in Paragraph 14 of the Complaint Defendant denies each and every other allegation contained therein.

15. Answering the allegations set forth in Paragraph 15 of the Complaint Defendant denies each and every other allegation contained therein.

16. Answering the allegations set forth in Paragraphs 16 through 18 of the Complaint, these paragraphs allege conduct against parties other than this defendant, and so no response thereto is necessary. To the extent that a response is required by this Defendant, Defendant lacks sufficient information and belief upon which to admit or deny the allegations with respect to such other parties and, based on that ground, denies generally and specifically that allegation. Defendant denies each and every allegation contained therein as they pertain to Ross Dress For Less, Inc.

17. Answering the allegations set forth in Paragraph 19 of the Complaint, Defendant denies that Plaintiff encountered any barriers or was denied access to the Ross facility due to any fault or responsibility of the Defendant. Defendant denies each and every other allegation contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619 232 0441

18. Answering the allegations set forth in Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

19. Answering the allegations set forth in Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

20. Answering the allegations set forth in Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

21. Answering the allegations set forth in Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

22. Answering the allegations set forth in Paragraph 24 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein.

23. Answering the allegations set forth in Paragraph 25 of the Complaint, these allegations do not require a response. To the extent a response is necessary, Defendant denies each and every allegation contained therein.

24. Answering the allegations set forth in Paragraph 26 of the Complaint, the allegations in Paragraph 26 are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response. In addition, the statutory language set forth in 42 U.S.C. § 12182(a), §§ 12182(b)(2)(A)(iv) and 12188 speaks for itself. To the extent that a response may be required, Defendant denies each and every allegation contained therein.

25. Answering the allegations set forth in Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

26. Answering the allegations set forth in Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

27. Answering the allegations set forth in Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

28. Answering the allegations set forth in Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

29. Answering the allegations set forth in Paragraph 31 of the Complaint,

Defendant denies each and every allegation contained therein.

30. Answering the allegations set forth in Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

31. Answering the allegations set forth in Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

32. Answering the allegations set forth in Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

33. Answering the allegations set forth in Paragraph 35 of the Complaint, this is a prayer for relief and no response is required.

34. Answering the allegations set forth in Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

35. Answering the allegations set forth in Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

36. Answering the allegations set forth in Paragraph 38 of the Complaint, Defendant denies each and every allegation contained therein.

37. Answering the allegations set forth in Paragraph 39 of the Complaint, Defendant denies each and every allegation contained therein.

38. Answering the allegations set forth in Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

39. Answering the allegations set forth in Paragraph 41 of the Complaint, this is a prayer for relief and no response is required.

40. Answering the allegations set forth in Paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

41. Answering the allegations set forth in Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

42. Answering the allegations set forth in Paragraph 44 of the Complaint, this is a prayer for relief and no response is required. To the extent that a response is required by this Defendant, Defendant denies each and every allegation contained therein as they pertain to Ross

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Dress For Less, Inc.

43. Answering the allegations set forth in Paragraph 45 of the Complaint, this is a prayer for relief and no response is required. To the extent that a response is required by this Defendant, Defendant denies each and every allegation contained therein as they pertain to Ross Dress For Less, Inc.

44. Answering the allegations set forth in the Demand For Judgment For Relief, Defendant denies that plaintiff was damaged in any manner by Defendant's conduct and further denies that Plaintiff is entitled to injunctive relief, damages or attorneys' fees or costs, or for any other relief or remedy. The remaining allegations are requests for relief and as such require no response. However, to the extent a response is required, Defendant denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each claim for relief stated therein, fails to state facts sufficient to constitute any cause of action or claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and distinct affirmative defense, Defendant alleges that even if the establishments at issue were designed, developed, constructed, modified and/or altered in violation of the Americans With Disabilities Act ("ADA") or California law, Defendant had no such knowledge.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and distinct affirmative defense, Defendant alleges that any conduct which may have occurred was not because of Plaintiffs' claimed disability and/or as Plaintiffs were not bona fide customers of the store. Instead, if Plaintiffs visited the facility, they did so for the sole and primary purpose of instituting the instant litigation.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and distinct affirmative defense, Defendant alleges that

Firmwide:84949868.1 022233.2185          6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

modifications to the facilities or establishments at issue necessary to make the facilities or establishments accessible, if any, are not readily achievable and/or feasible.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and distinct affirmative defense, Defendant alleges that the cost of some or all of the modifications to the subject properties that Plaintiffs seeks to have imposed upon Defendant is disproportionate in terms of cost and scope to that of any alternations made within the statutory period, if any.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and distinct affirmative defense, Defendant alleges that requiring some or all of the modifications to the subject properties that Plaintiffs seeks to have imposed upon Defendant would fundamentally alter the nature of the subject properties.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiffs has equal access to the facilities and establishment at issue as non-disabled individuals.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and distinct affirmative defense, Defendant alleges that it fulfilled any obligation it may have to reasonably accommodate Plaintiffs' alleged disability under the ADA.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and distinct affirmative defense, Defendant alleges that its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California law including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and distinct affirmative defense, Defendant alleges that its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by federal law including, but not limited to, the ADA.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:84949868.1 022233.2185         7.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and distinct affirmative defense, Defendant alleges that it did not deny Plaintiffs full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased, and/or operated by Defendant as required by federal law including, but not limited to, the ADA.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and distinct affirmative defense, Defendant alleges that it did not deny Plaintiffs full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased, and/or operated by Defendant as required by California law including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and distinct affirmative defense, Defendant alleges that it granted access to its facilities to Plaintiffs but ultimately any exclusion of Plaintiffs from its facilities, if that did occur, was for reasons rationally related to the services performed and the facilities provided by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and distinct affirmative defense, Defendant alleges that it had legitimate, non-discriminatory reasons for any and all actions taken with respect to Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and distinct affirmative defense, Defendant alleges that Civil Code §§ 54.3 and 55, providing for public prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and damages provided for by Civil Code § 52 are not recoverable for such violations.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and distinct affirmative defense, Defendant alleges that Civil Code §§ 54.1 and 53 do not create a private cause of action for damages for asserted discrimination, and Civil Code § 55 provides only a private action enjoining such statutory violation.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:84949868.1 022233.2185                8.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth, separate and distinct affirmative defense, Defendant alleges that it owed no duty of care toward Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth, separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth separate and distinct affirmative defense, Defendant alleges that Plaintiffs did not exercise due caution or care with respect to the matters alleged in the Complaint and if, in fact, Plaintiffs suffered any damage or injury, Plaintiffs contributed in whole or in part to such damage or injury and, therefore, any remedy or recovery to which Plaintiffs might otherwise be entitled must be denied or reduced accordingly.

## TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth, separate and distinct affirmative defense, Defendant alleges that the portions of the establishment inaccessible to Plaintiffs, if any, are not places of public accommodation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a twenty-first, separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred in that all times relevant hereto, Defendants acted reasonably, in good faith and without malice, based upon the relevant facts and circumstances known to them at the time it acted, if at all.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second, separate and distinct affirmative defense, Defendant alleges that Plaintiffs consented to all actions taken, if any, and Defendants' actions, if any, were therefore privileged.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third, separate and distinct affirmative defense, Defendant alleges that it

Firmwide:84949868.1 022233.2185    9.
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441
DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

provided Plaintiffs with alternative methods for access to the facility.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth, separate and distinct affirmative defense, Defendant alleges that the cause of action asserting negligence is barred inasmuch as the remedies provided by the statutes set forth in that cause of action are the exclusive remedy for alleged violations of said statutes.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs has failed to exhaust the administrative remedies available to them.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims for relief are barred by the applicable statutes of limitations.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed to mitigate their damages in this matter.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a twenty-eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed to allege special damages with the requisite specificity.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs' alleged injuries and alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiffs.

### THIRTIETH AFFIRMATIVE DEFENSE

As a thirtieth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed to state facts sufficient to constitute a cause of action for which punitive or exemplary damages may be awarded against Defendants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a thirty-first, separate and distinct affirmative defense, Defendant alleges that the provisions Plaintiffs relies upon for an award of punitive or exemplary damages, and the substantive

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:84949868.1 022233.2185          10.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

rules and procedures and standards for determining the amount and/or whether or not to award such damages, and if so, in what amount, violates the due process and equal protection rights of Defendants under the Constitutions of the United States and the State of California.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second, separate and distinct affirmative defense, Defendant alleges that the alleged acts to which Plaintiffs refer which form the basis of Plaintiffs' Complaint were done, if at all, in good faith, honestly, and without malice and have not violated any rights Plaintiffs may have under federal, state or local laws, rules, regulations or guidelines.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a thirty-third, separate and distinct affirmative defense, Defendant alleges that Plaintiffs is not legally entitled to recover any attorneys' fees with regard to this matter.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a thirty-fourth, separate and distinct affirmative defense, Defendant alleges that Defendant relied in good faith upon the permissible, reasonable interpretations of California and federal law by local building authorities and issuance of building permits and Certificates of Occupancy for the facility.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a thirty-fifth, separate and distinct affirmative defense, Defendant alleges that Defendant relied in good faith upon the advice of architects with respect to the facility.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiff is and/or should be declared a "vexatious litigant," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiff and/or her attorney.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiff is and/or should be declared a sham plaintiff and her attorney is and/or should be declared a "vexatious litigant," and as such, this

Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiff and/or her attorney.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiff and/or her attorney is or should be declared a "vexatious litigant," and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiff and/or her attorney (on behalf of Plaintiff and any other future plaintiffs), to seek permission from the district court through a court order before filing any ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to assert a claim for denial of accessible sanitary facilities in violation of California Health & Safety Code §§ 19955 et seq., because there is no private right of action thereunder. California Health & Safety Code §19958.5.

### FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that an award of punitive damages is unconstitutional as it violates the due process clause of the California and the United States Constitutions.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Answering defendant alleges that it may have other separate and/or additional defenses of which it are is not aware and hereby reserves the right to assert them by amendment to this answer as discovery continues.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that plaintiff cannot certify a class because there are not enough putative class members who were similarly situated to the plaintiff during the applicable statute of limitations period.

### FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that under the terms

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

of its lease agreements, responsibility for compliance with all federal, state, and local laws regarding access and use of the premises by persons with disabilities has been allocated to third person(s) (i.e., tenant, landlord, etc.) who are solely responsible for any affirmative obligations to make the premises accessible to persons with disabilities.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff cannot certify a class because predominant questions of fact do not exist as to all putative class members.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff cannot certify a class because her claims are neither typical of the putative class, nor can she adequately represent the putative class because she has interests which inherently conflict with the interests of the putative class.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot assert a representative action, because she is an inadequate representative plaintiff for the proposed representative class.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot assert a representative action, because her counsel is an inadequate advocate.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs' Complaint and each claim for relief therein be dismissed in its entirety with prejudice;

2. Plaintiffs take nothing by way of their Complaint and each claim for relief therein;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein;

///

///

LITTLER MENDELSON
A Professional Corporation
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441

Firmwide:84949868.1 022233.2185        13.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

    4.    That the Court order such other and further relief for Defendants as the Court may deem just and proper.

Dated: April 18, 2008

        /s/John M. Julius III
        JOHN M. JULIUS III
        E-Mail: jjulius@littler.com
        LITTLER MENDELSON
        A Professional Corporation
        Attorneys for Defendant
        ROSS STORES INC. d.b.a. ROSS DRESS FOR LESS #48

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:84949868.1 022233.2185     14.

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

**PROOF OF SERVICE BY MAIL**

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On April 18, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

DEFENDANT ROSS STORES, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

in a sealed envelope, postage fully paid, addressed as follows:

Theodore A. Pinnock, Esq.　　　　　　　　Attorneys for Plaintiffs
David C. Wakefield, Esq.
Michelle L. Wakefield, Esq.
3033 Fifth Avenue, Sutie 410
San Deigo, CA 92103

Telephone: 619-858-3671
Facsimile: 619-858-3646

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 18, 2008, at San Diego, California.

_____
Julie M. May

(No. )
Firmwide:84973330.1 022233.2185