# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>v.<br><br>ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS # 478; MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA BREAD # 4279; MIRA MESA MARKETPLACE EAST, LLC and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | CASE NO. 08cv0045 BTM(CAB)<br><br>**ORDER DENYING MOTION TO DISMISS SUPPLEMENTAL STATE LAW CLAIMS** |

Defendant Mira Mesa Marketplace East, LLC ("Defendant") has filed a motion to dismiss Plaintiff's supplemental state law claims. For the reasons discussed below, the Court **DENIES** Defendant's motion.

## DISCUSSION

Plaintiff filed this action on January 8, 2008. The Complaint asserts the following causes of action: (1) violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq.; (2) violation of the California Unruh Act (California Civil Code § 51), California Civil Code § 52, and the Disabled Persons Act. Defendant contends that the Court should

decline to exercise supplemental jurisdiction over Plaintiff's state claims because the claims raise a novel or complex issue of state law.  28 U.S.C. § 1367(c)(1).

According to Defendant, Plaintiff's state law claims raise unsettled issues of law which should be resolved by the California courts.  Specifically, in Gunther v. Lin, 144 Cal. App. 4th 233 (2006), the California Court of Appeal held that intentional discrimination was required to obtain damages under California Civil Code § 52(a) for access violations under the Unruh Act.  This holding is contrary to Lentini v. Calif. Center for the Arts, 370 F.3d 837 (2004), which held that a violation of the ADA constitutes a violation of the Unruh Act, regardless of whether the plaintiff can prove intentional discrimination.

However, the Lentini court did not have the benefit of the Gunther court's analysis. In any event, the ultimate issue for a federal district court in applying state law is to determine what the highest state court would hold.  Gravquick A/S v. Trimble Navigation Int'l Ltd., 323 F.3d 1219, 1222 (9th Cir. 2003).  State intermediate appellate court decisions are useful in determining what the highest state court would hold, but they are not binding on a federal court.  Id.  Whether this Court will continue to follow Lentini after Gunther is an issue that the Court need not decide at present.

Although Gunther and Lentini give rise to a unique conflict between Ninth Circuit and state appellate court construction of state law, the Court must still determine whether the exercise of its discretion to decline supplemental jurisdiction would comport with the "underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.'"  Executive Software North America, Inc. v. United States District Court for the Central District of California, 24 F.3d 1545, 1557 (9th Cir. 1994) (citations omitted).  The Court recently considered the exercise of supplemental jurisdiction in very similar circumstances in Pinnock v. Solana Beach Do It Yourself Dogwash, Inc., Case No. 06cv1816 (Docket # 22), and concluded that the exercise of supplemental jurisdiction would best advance judicial economy, convenience, fairness, and comity.

///

///

The Court is not persuaded by Defendant's argument that the Court's exercise of supplemental jurisdiction creates a danger of inconsistent rulings because Plaintiff has expressed an intention to pursue state law claims against Mira Mesa Marketplace West, LLC and The Home Depot in state court. The instant case involves different properties and different retail establishments; neither The Home Depot nor Mira Mesa Marketplace West, LLC (a different limited liability company than Mira Mesa Marketplace East, LLC), are defendants in this case.

While the Court is aware that there is a split in opinion by the judges in the district over whether supplemental jurisdiction should be exercised over claims under Unruh and Cal. Civ. Code § 52, the Court sees no reason to deviate from its decision in Solana Beach v. Do It Yourself Dogwash, Inc. While the conflict between Lentini and Gunther may be unique, it does not override the other reasons to maintain supplemental jurisdiction over the state claims – to avoid duplicative litigation, with its concurrent expense, over the same nucleus of facts in separate courts.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss Plaintiff's state law claims is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 5, 2008

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge