Timothy G. McNulty, Esq. (# 159227)
**MILBERG & DE PHILLIPS, P.C.**
2163 Newcastle Avenue, Ste. 200
Cardiff by the Sea, CA 92007
Telephone: (760) 943-7103
Facsimile: (760) 943-6750
Email: tmcnulty@surflaw.net

Attorneys for Defendant,
MIRA MESA MARKETPLACE EAST, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. D.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No.:  08 CV 0045 BTM CAB<br><br>**ANSWER OF DEFENDANT MIRA MESA MARKETPLACE EAST, LLC. TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Barry Ted Moskowitz<br><br>Courtroom: 15 |

Defendant, MIRA MESA MARKETPLACE EAST, LLC (hereinafter "Defendant") answers Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS (hereinafter "Plaintiffs") First Amended Complaint (hereinafter "Complaint") as set forth below:

 1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs have initiated a lawsuit against Defendant. Paragraph 1 contains legal conclusions and legal argument that Defendant is not required to admit or deny. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and

1

1 every allegation contained therein.

2. In response to Paragraph 2 of the Complaint, paragraph 2 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, paragraph 3 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every allegation contained in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendand admits that it is the lessor of real property located on Westview Parkway. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the status of ROSS DRESS FOR LESS, INC. and/or PANERA BREAD #4279. At this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

5. In response to Paragraph 5 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and, based on that ground, denies generally and specifically each and every allegation contained therein.

6. In response to Paragraph 6 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

7. In response to Paragraph 7 of the Complaint, at this time Defendant has no information or belief sufficient to enable it to respond to the allegations in said paragraph and , based on that ground, denies generally and specifically each and every allegation contained therein.

1    8.    In response to Paragraph 8 of the Complaint, Defendant denies generally and
2 specifically each and every allegation contained therein.
3    9.    In response to Paragraph 9 of the Complaint, Defendant denies generally and
4 specifically each and every allegation contained therein.
5    10.   In response to Paragraph 10 of the Complaint, Defendant denies generally and
6 specifically each and every allegation contained therein.
7    11.   In response to Paragraph 11 of the Complaint, Defendant denies generally and
8 specifically each and every allegation contained therein.
9    12.   In response to Paragraph 12 of the Complaint, Defendant is without knowledge or
10 information sufficient to form a belief as to the truth of the averments contained in the first
11 sentence of paragraph 18 and on that basis denies them. Defendant denies each and every
12 averment contained in the second sentence of paragraph 12.
13   13.   In response to Paragraph 13 of the Complaint, Defendant is without knowledge or
14 information sufficient to form a belief as to the truth of the averments contained in the first
15 sentence of paragraph 18 and on that basis denies them. Defendant denies each and every
16 averment contained in the second sentence of paragraph 13.
17   14.   In response to Paragraph 14 of the Complaint, Defendant denies generally and
18 specifically each and every allegation contained therein.
19   15.   In response to Paragraph 15 of the Complaint, Defendant denies generally and
20 specifically each and every allegation contained therein.
21   16.   In response to Paragraph 16 of the Complaint, Defendant denies generally and
22 specifically each and every allegation contained therein.
23   17.    In response to Paragraph 17 of the Complaint, Defendant denies generally and
24 specifically each and every allegation contained therein.
25   18.   In response to Paragraph 18 of the Complaint, Defendant denies generally and
26 specifically each and every allegation contained therein.
27   19.   In response to Paragraph 19 of the Complaint, Defendant denies generally and
28 specifically each and every allegation contained therein.

20. In response to Paragraph 20 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

23. In response to Paragraph 23 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

24. In response to Paragraph 24 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

25. In response to Paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, paragraph 26contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, paragraph 27 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 27 of the Complaint.

1    28.     In response to Paragraph 28 of the Complaint, paragraph 28 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 28 of the Complaint.

29.     In response to Paragraph 29 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

30.     In response to Paragraph 30 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

31.     In response to Paragraph 31 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

32.     In response to Paragraph 32 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

33.     In response to Paragraph 33 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

34.     In response to Paragraph 34 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

35.     In response to Paragraph 35 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

36.     In response to Paragraph 36 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

37. In response to Paragraph 37 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

38. In response to Paragraph 38 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

39. In response to Paragraph 39 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

40. In response to Paragraph 40 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

41. In response to Paragraph 41 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

42. In response to Paragraph 42 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

43. In response to Paragraph 43 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

44. In response to Paragraph 44 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

45. In response to Paragraph 45 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to state a claim entitling him to attorney's fees.  In the alternative, to the extent that Plaintiff is entitled to recovery attorney's fees and costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the actions taken by it, or anyone acting on its behalf, if any, with respect to the conditions of the establishment in question were for lawful and legitimate, nondiscriminatory business reasons.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint fails to state facts sufficient to set forth a claim for punitive, exemplary or treble damages.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs lack standing to pursue their alleged claims.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it fulfilled any

obligation it may have had to reasonably accommodate Plaintiff's alleged disabilities.

### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff failed to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege special damages with the requisite specificity.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California laws and by Federal laws, including but not limited to, the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*,.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, as required by Federal law, Defendant it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation leased and/or operated by Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiffs' alleged injuries and alleged damages, if any, were proximately caused and contributed to by his own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges it granted Plaintiff access to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was

rationally related to the services performed and the facilities provided by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without causing undue hardship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges assuming , *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal was not readily achievable and/or would require Defendant to unreasonably incur extraordinary expenses with little or no improvement in accessibility.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health & Safety Code Section 19955, or Title 24 of the California code of regulations during the relevant time frame.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends the purported architectural barriers provide effective access to the Plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Any allegedly wrongful acts or omissions performed by Defendant or its agent, if there were any, do not subject Defendant to liability because the removal of the alleged architectural barriers was not readily achievable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges it owed no duty of care to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by the doctrines of estoppel and unclean hands.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, if any mental or emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff consented to all actions taken, if any, and Defendant's actions, if any, were therefore privileged.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to exhaust the administrative remedies available to him.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges requiring some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant would fundamentally alter the nature of the subject property.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims in equity are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are neither required nor readily achievable.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the costs of some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of cost and scope to that of any alterations made within the statutory period, if any.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Complaint, and each purported claim for relief alleged in the Complaint, is barred in whole or part because Plaintiff's injury, if any, was caused by third parties acting outside the course and scope of agency, employment or control of Defendant Mira Mesa West, LLC.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiff is not entitled to recover on any claim for relief in this action because Defendant Mira Mesa Marketplace West, LLC. has substantially complied with all applicable legal requirements.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is not obligated to remove the barriers alleged in this action to the extent that the structures at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs are and/or should be declared "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable because Plaintiffs are and/or should be declared a sham plaintiff and their attorneys, is and/or should be declared a "vexatious litigants," and as such, this

1 Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and their attorneys.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are barred and/or damages are not recoverable because Plaintiffs and/or their attorneys, is or should be declared a "vexatious litigants" and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and/or their attorneys (on behalf of Plaintiffs and any other future plaintiffs), or to seek permission from the district court through a court order before filing any ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred and/or damages are not recoverable pursuant to settlement agreements and release of all claims entered into among Plaintiffs and/or their attorneys with Defendant.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements would be structurally impracticable to do so.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

### FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant

1  to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services
2  via alternative methods other than the removal of alleged architectural barriers.

### FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue. Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety. The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

### FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs were not bona fide customers of the premises and instead plaintiffs visited the premises for the sole purpose of instituting the current litigation.

### FORTY- THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant relied in good faith upon the permissible, reasonable interpretation of California and Federal law by local building authorities, architects, and the issuance of building permits and Certificates of Occupancy for the premises.

### FORTY- FORTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that plaintiff cannot certify a class because predominant questions of fact do not exist as to all putative class members, her claims are neither typical of the putative class, nor can she adequately represent the putative class because she has interests which inherently conflict with the interests of the putative case and plaintiff is an inadequate representative for the proposed class.

### FORTY- FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

DEFENDANT MIRA MESA MARKETPLACE EAST    NO. 08 CV 0045 BTM (CAB)
LLC'S ANSWER TO COMPLAINT         13

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Seventh Amendment to the U.S. Constitution Defendant MIRA MESA MARKETPLACE EAST, LLC. hereby demands a trial by jury in the above entitled action.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff s take nothing by reason of the Complaint;

2. That judgment be entered on the Complaint in favor of Defendant and against Plaintiffs, and that the complaint be dismissed with prejudice;

3. That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4. That Plaintiffs Outerbridge Access Association, and Diane Cross and/or their attorneys be declared a "vexations litigants," and as such, this Court should be enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

5. That Plaintiffs Outerbridge Access Association, and Diane Cross be declared sham plaintiffs and their attorneys, be declared a "vexatious litigants" and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

6. That Plaintiffs and/or their attorneys,(or anyone in association with Plaintiffs' attorneys), be declared a "vexatious litigants," and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and their attorneys, to seek permission from the district court through a court order before filing any future ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state disability laws.

1  7. For such other and further relief as the Court may deem just and proper.

Dated: May 8, 2008                MILBERG & DE PHILLIPS

             */s/ Timothy G McNulty*
         By: _____
           Timothy G. McNulty
           Attorneys for Defendant, MIRA MESA
           MARKETPLACE WEST, LLC
           Email: tmcnulty@surflaw.net