1  Timothy G. McNulty, Esq. (# 159227)
   **MILBERG & DE PHILLIPS, P.C.**
2  2163 Newcastle Avenue, Ste. 200
   Cardiff by the Sea, CA 92007
3  Telephone: (760) 943-7103
   Facsimile: (760) 943-6750
4  Email: tmcnulty@surflaw.net

5  Attorneys for Defendant,
   MIRA MESA MARKETPLACE EAST, LLC

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  OUTERBRIDGE ACCESS            )    Case No.:  08 CV 0045 BTM CAB
    ASSOCIATION, SUING ON BEHALF  )
12  OF DIANE CROSS; and DIANE CROSS, )  FIRST AMENDED ANSWER
    An Individual,                )    AND CROSSCLAIM OF DEFENDANT
13                                )    MIRA MESA MARKETPLACE EAST,
            Plaintiffs,           )    LLC.
14                                )
        vs.                       )    DEMAND FOR JURY TRIAL
15                                )
    ROSS DRESS FOR LESS, INC. d.b.a. )  1.   EXPRESS INDEMNITY
16  ROSS DRESS FOR LESS #478; MANNA )  2.   EQUITABLE INDEMNITY
    DEVELOPMENT GROUP, LLC. d.b.a. )   3.   CONTRIBUTION
17  PANERA BREAD #4279; MIRA MESA )    4.   DECLARATORY RELIEF
    MARKETPLACE EAST, LLC and DOES )
18  1 THROUGH 10, Inclusive,      )
                                  )
19          Defendants,           )
    _____ )
20                                )
    MIRA MESA MARKETPLACE EAST,   )
21  LLC.                          )
                                  )
22          Crossclaimant,        )
                                  )
23      vs.                       )
                                  )
24  ROSS DRESS FOR LESS, INC. d.b.a. )
    ROSS DRESS FOR LESS #478;     )
25  MANNA DEVELOPMENT GROUP,      )
    LLC. d.b.a. PANERA BREAD #4279 )
26                                )
            Crossdefendant,       )
27  _____ )

28

                              1

1    Defendant, MIRA MESA MARKETPLACE EAST, LLC (hereinafter "Defendant")

2 answers Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF

3 DIANE CROSS; and DIANE CROSS (hereinafter "Plaintiffs") First Amended Complaint

4 (hereinafter "Complaint") as set forth below:

5    1.    In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs

6 have initiated a lawsuit against Defendant. Paragraph 1 contains legal conclusions and

7 legal argument that Defendant is not required to admit or deny. Except as so expressly admitted

8 and with regard to any and all remaining allegations in Paragraph 1, Defendant denies each and

9 every allegation contained therein.

10    2.   In response to Paragraph 2 of the Complaint, paragraph 2 contains legal conclusions

11 and legal argument that Defendant is not required to admit or deny. To the extent that a response

12 is necessary, Defendant denies each and every allegation contained in Paragraph 2 of the

13 Complaint.

14    3.    In response to Paragraph 3 of the Complaint, paragraph 3 contains legal

15 conclusions and legal argument that Defendant is not required to admit or deny. To the extent

16 that a response is necessary, Defendant denies each and every allegation contained in Paragraph

17 3 of the Complaint.

18    4.    In response to Paragraph 4 of the Complaint, Defendand admists that it is the

19 lessor of real property located on Westview Parkway.   Defendant is without knowledge or

20 information sufficient to form a belief as to the truth of the averments concerning the status of

21 ROSS DRESS FOR LESS, INC. and/or PANERA BREAD #4279.  At this time Defendant has

22 no information or belief sufficient to enable it to respond to the allegations in said paragraph and,

23 based on that ground, denies generally and specifically each and every allegation contained

24 therein.

25    5.    In response to Paragraph 5 of the Complaint, at this time Defendant has no

26 information or belief sufficient to enable it to respond to the allegations in said paragraph and,

27 based on that ground, denies generally and specifically each and every allegation contained

28 therein.

1    6.    In response to Paragraph 6 of the Complaint, Defendant denies generally and
2    specifically each and every allegation contained therein.

3    7.    In response to Paragraph 7 of the Complaint, at this time Defendant has no
4    information or belief sufficient to enable it to respond to the allegations in said paragraph and ,
5    based on that ground, denies generally and specifically each and every allegation contained
6    therein.

7    8.    In response to Paragraph 8 of the Complaint, Defendant denies generally and
8    specifically each and every allegation contained therein.

9    9.    In response to Paragraph 9 of the Complaint, Defendant denies generally and
10   specifically each and every allegation contained therein.

11   10.    In response to Paragraph 10 of the Complaint, Defendant denies generally and
12   specifically each and every allegation contained therein.

13   11.    In response to Paragraph 11 of the Complaint, Defendant denies generally and
14   specifically each and every allegation contained therein.

15   12.    In response to Paragraph 12 of the Complaint, Defendant is without knowledge or
16   information sufficient to form a belief as to the truth of the averments contained in the first
17   sentence of paragraph 18 and on that basis denies them. Defendant denies each and every
18   averment contained in the second sentence of paragraph 12.

19   13.    In response to Paragraph 13 of the Complaint, Defendant is without knowledge or
20   information sufficient to form a belief as to the truth of the averments contained in the first
21   sentence of paragraph 18 and on that basis denies them. Defendant denies each and every
22   averment contained in the second sentence of paragraph 13.

23   14.    In response to Paragraph 14 of the Complaint, Defendant denies generally and
24   specifically each and every allegation contained therein.

25   15.    In response to Paragraph 15 of the Complaint, Defendant denies generally and
26   specifically each and every allegation contained therein.

27   16.    In response to Paragraph 16 of the Complaint, Defendant denies generally and
28   specifically each and every allegation contained therein.

17.    In response to Paragraph 17 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

18.    In response to Paragraph 18 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

19.    In response to Paragraph 19 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

20.    In response to Paragraph 20 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

21.    In response to Paragraph 21 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

22.    In response to Paragraph 22 of the Complaint, Defendant denies generally and specifically each and every allegation contained therein.

23.    In response to Paragraph 23 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

24.    In response to Paragraph 24 of the Complaint, paragraph 21 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 21 of the Complaint.

25.    In response to Paragraph 25 of the Complaint, paragraph 25 contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained in paragraph 25 of the Complaint.

26.    In response to Paragraph 26 of the Complaint, paragraph 26contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent

1    that a response is necessary, Defendant denies each and every averment contained in paragraph

2    26 of the Complaint.

3         27.    In response to Paragraph 27 of the Complaint, paragraph 27 contains legal

4    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

5    that a response is necessary, Defendant denies each and every averment contained in paragraph

6    27 of the Complaint.

7         28.    In response to Paragraph 28 of the Complaint, paragraph 28 contains legal

8    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

9    that a response is necessary, Defendant denies each and every averment contained in paragraph

10    28 of the Complaint.

11         29.    In response to Paragraph 29 of the Complaint, the paragraph contains legal

12    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

13    that a response is necessary, Defendant denies each and every averment contained therein.

14         30.    In response to Paragraph 30 of the Complaint, the paragraph contains legal

15    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

16    that a response is necessary, Defendant denies each and every averment contained therein.

17         31.    In response to Paragraph 31 of the Complaint, the paragraph contains legal

18    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

19    that a response is necessary, Defendant denies each and every averment contained therein.

20         32.    In response to Paragraph 32 of the Complaint, the paragraph contains legal

21    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

22    that a response is necessary, Defendant denies each and every averment contained therein.

23         33.    In response to Paragraph 33 of the Complaint, the paragraph contains legal

24    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

25    that a response is necessary, Defendant denies each and every averment contained therein.

26         34.    In response to Paragraph 34 of the Complaint, the paragraph contains legal

27    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

28    that a response is necessary, Defendant denies each and every averment contained therein.

1    35.    In response to Paragraph 35 of the Complaint, the paragraph contains legal

2    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

3    that a response is necessary, Defendant denies each and every averment contained therein.

4    36.    In response to Paragraph 36 of the Complaint, the paragraph contains legal

5    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

6    that a response is necessary, Defendant denies each and every averment contained therein.

7    37.    In response to Paragraph 37 of the Complaint, the paragraph contains legal

8    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

9    that a response is necessary, Defendant denies each and every averment contained therein.

10    38.    In response to Paragraph 38 of the Complaint, the paragraph contains legal

11    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

12    that a response is necessary, Defendant denies each and every averment contained therein.

13    39.    In response to Paragraph 39 of the Complaint, the paragraph contains legal

14    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

15    that a response is necessary, Defendant denies each and every averment contained therein.

16    40.    In response to Paragraph 40 of the Complaint, the paragraph contains legal

17    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

18    that a response is necessary, Defendant denies each and every averment contained therein.

19    41.    In response to Paragraph 41 of the Complaint, the paragraph contains legal

20    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

21    that a response is necessary, Defendant denies each and every averment contained therein.

22    42.    In response to Paragraph 42 of the Complaint, the paragraph contains legal

23    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

24    that a response is necessary, Defendant denies each and every averment contained therein.

25    43.    In response to Paragraph 43 of the Complaint, the paragraph contains legal

26    conclusions and legal argument that Defendant is not required to admit or deny. To the extent

27    that a response is necessary, Defendant denies each and every averment contained therein.

28

44.     In response to Paragraph 44 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

45.     In response to Paragraph 45 of the Complaint, the paragraph contains legal conclusions and legal argument that Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies each and every averment contained therein.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to state a claim entitling him to attorney's fees.  In the alternative, to the extent that Plaintiff is entitled to recovery attorney's fees and costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the actions taken by it, or anyone acting on its behalf, if any, with respect to the conditions of the establishment in question were for lawful and legitimate, nondiscriminatory business reasons.

SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint fails to state facts sufficient to set forth a claim for punitive, exemplary or treble damages.

SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Plaintiffs lack standing to pursue their alleged claims.

EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it fulfilled any obligation it may have had to reasonably accommodate Plaintiff's alleged disabilities.

NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff failed to mitigate his damages.

TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to allege special damages with the requisite specificity.

ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California laws and by Federal laws, including but not limited to, the Americans with Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*,.

TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, as required by Federal law, Defendant it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within   a public accommodation leased and/or operated by Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiffs' alleged injuries and alleged damages, if any, were proximately caused and contributed to by his own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might

have otherwise been entitled must be denied or reduced accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in that, at all relevant times, Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

## FIFTEENTHAFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges it granted Plaintiff access to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was rationally related to the services performed and the facilities provided by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without causing undue hardship.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges assuming , *arguendo,* Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal  was not readily achievable and/or would require Defendant to unreasonably incur extraordinary expenses with little or no improvement in accessibility.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health & Safety Code Section 19955, or Title 24 of the

1  California code of regulations during the relevant time frame.

2  <u>TWENTIETH AFFIRMATIVE DEFENSE</u>

3  As a separate and distinct affirmative defense, Defendant contends the purported

4  architectural barriers provide effective access to the Plaintiffs.

5  <u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

6  As a separate and distinct affirmative defense, Any allegedly wrongful acts or omissions

7  performed by Defendant or its agent, if there were any, do not subject Defendant to liability

8  because the removal of the alleged architectural barriers was not readily achievable.

9  <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

10  As a separate and distinct affirmative defense, Defendant alleges it owed no duty of care to

11  Plaintiff.

12  <u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

13  As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred by

14  the doctrines of estoppel and unclean hands.

15  <u>TWENTY-FOURTH AFFIRMATIVE DEFENSE</u>

16  As a separate and distinct affirmative defense, Defendant alleges that, if any mental or

17  emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than

18  any act or omission of Defendant.

19  <u>TWENTY-FIFTH AFFIRMATIVE DEFENSE</u>

20  As a separate and distinct affirmative defense, Defendant alleges Plaintiff consented to all

21  actions taken, if any, and Defendant's actions, if any, were therefore privileged.

22  <u>TWENTY-SIXTH AFFIRMATIVE DEFENSE</u>

23  As a separate and distinct affirmative defense, Defendant alleges Plaintiff has failed to

24  exhaust the administrative remedies available to him.

25  <u>TWENTY-SEVENTH AFFIRMATIVE DEFENSE</u>

26  As a separate and distinct affirmative defense, Defendant alleges requiring some or all of the

27  modifications to the subject property that Plaintiff seeks to have imposed upon Defendant would

28  fundamentally alter the nature of the subject property.

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2       As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims in equity

3   are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

4

## TWENTY-NINTH AFFIRMATIVE DEFENSE

5       As a separate and distinct affirmative defense, Defendant alleges some or all of the

6   modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are neither

7   required nor readily achievable.

8

## THIRTIETH AFFIRMATIVE DEFENSE

9       As a separate and distinct affirmative defense, Defendant alleges the costs of some or all of

10  the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are

11  disproportionate in terms of cost and scope to that of any alterations made within the statutory

12  period, if any.

13

## THIRTY-FIRST AFFIRMATIVE DEFENSE

14      As a separate and distinct affirmative defense, the Complaint, and each purported claim

15  for relief alleged in the Complaint, is barred in whole or part because Plaintiff's injury, if any,

16  was caused by third parties acting outside the course and scope of agency, employment or control

17  of Defendant Mira Mesa West, LLC.

18

## THIRTY-SECOND AFFIRMATIVE DEFENSE

19      As a separate and distinct affirmative defense, Plaintiff is not entitled to recover on any claim

20  for relief in this action because Defendant Mira Mesa Marketplace West, LLC. has substantially

21  complied with all applicable legal requirements.

22

## THIRTY-THIRD AFFIRMATIVE DEFENSE

23      As a separate and distinct affirmative defense, Defendant is not obligated to remove the

24  barriers alleged in this action to the extent that the structures at issue were constructed and/or

25  modified before the effective date of any law or regulation prohibiting the existence of any such

26  alleged barrier.

27

28

1

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

2       As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are

3 barred and/or damages are not recoverable because Plaintiffs are  and/or should be declared

4 "vexatious litigants," and as such, this Court should enter an OSC re why this case should not be

5 dismissed and/or why sanctions should not be imposed against Plaintiffs and/or their attorneys.

6

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

7       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are

8 barred and/or damages are not recoverable because Plaintiffs are and/or should be declared a sham

9 plaintiff and their attorneys,  is and/or should be declared a "vexatious litigants," and as such, this

10 Court should enter an OSC re why this case should not be dismissed and/or why sanctions should

11 not be imposed against Plaintiffs and their attorneys.

12

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

13       As a separate and distinct affirmative defense, Defendant alleges that Plaintiffs' claims are

14 barred and/or damages are not recoverable because Plaintiffs  and/or their attorneys, is or should be

15 declared a "vexatious litigants" and as such, this Court should dismiss this case with prejudice and

16 enter an order prohibiting Plaintiffs and/or their attorneys (on behalf of Plaintiffs and any other

17 future plaintiffs), or to seek permission from the district court through a court order before filing any

18 ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state

19 law.

20

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

21       As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are

22 barred and/or damages are not recoverable pursuant to settlement agreements and release of all

23 claims entered into among Plaintiffs and/or their attorneys with Defendant.

24

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

25       As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful

26 acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant

27 to liability because full compliance with the accessibility requirements would be structurally

28 impracticable to do so.

THIRTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the cost and scope of any and all alterations to the path of travel to the altered area containing a primary function, if any, would be disproportionate to the cost of the overall alteration to the primary function area, if any.

FORTIETH  AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant accommodated Plaintiffs' alleged disabilities by providing services via alternative methods other than the removal of alleged architectural barriers.

FORTY-FIRST  AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs' Complaint and each claim alleged therein are barred by Defendant's good faith reliance upon reasonable interpretations of California law by local building authorities and issuance of appropriate building permits and Certificates of Occupancy for the facility at issue.  Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.  The Complaint and all claims alleged therein are barred by the issuance by local building authorities of appropriate building permits and Certificates of Occupancy for the facility at issue.

FORTY-SECOND  AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant contends Plaintiffs were not bona fide customers of the premises and instead plaintiffs visited the premises for the sole purpose of instituting the current litigation.

FORTY- THIRD  AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant relied in good faith upon the permissible, reasonable interpretation of California and Federal law by local building authorities, architects, and the issuance of building permits and Certificates of Occupancy for the premises.

<u>FORTY- FORTH  AFFIRMATIVE DEFENSE</u>

As a separate and distinct affirmative defense, Defendant alleges that plaintiff cannot certify a class because predominant questions of fact do not exist as to all putative class members, her claims are neither typical of the putative class, nor can she adequately represent the putative class because she has interests which inherently conflict with the interests of the putative case and plaintiff is an inadequate representative for the proposed class.

<u>FORTY- FIFTH  AFFIRMATIVE DEFENSE</u>

As a separate and distinct affirmative defense, Defendant alleges all other defenses that may potentially become available as a result of information developed through discovery or trial.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Seventh Amendment to the U.S. Constitution Defendant MIRA MESA MARKETPLACE EAST, LLC. hereby demands a trial by jury in the above entitled action.

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff s take nothing by reason of the Complaint;

2.   That judgment be entered on the Complaint in favor of Defendant and against Plaintiffs, and that the complaint be dismissed with prejudice;

3.   That Defendant be awarded its attorneys' fees and costs of suit incurred herein; and

4.   That Plaintiffs Outerbridge Access Association, and Diane Cross and/or their attorneys be declared  a "vexations litigants," and as such, this Court should be enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs  and/or their attorneys.

5.   That Plaintiffs Outerbridge Access Association, and Diane Cross be declared sham plaintiffs and their attorneys, be declared a "vexatious litigants" and as such, this Court should enter an OSC re why this case should not be dismissed and/or why sanctions should not be imposed against Plaintiffs  and/or their attorneys.

6.   That Plaintiffs and/or their attorneys,(or anyone in association  with Plaintiffs'

attorneys), be declared a "vexatious litigants," and as such, this Court should dismiss this case with prejudice and enter an order prohibiting Plaintiffs and their attorneys, to seek permission from the district court through a court order before filing any future ADA Title III or related disability access lawsuits based on alleged violations of federal and/or state disability laws.

7.    For such other and further relief as the Court may deem just and proper.

## CROSS-CLAIM

COMES NOW, Cross-complainant, MIRA MESA MARKETPLACE EAST, LLC. and alleges causes of action as follows:

## FIRST CAUSE OF ACTION

**(Express Indemnity as to Cross-Defendants ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and Roes 1-30)**

1.    Cross-complainant MIRA MESA MARKETPLACE EAST, LLC, (hereinafter "cross-complainant"), is a limited liability corporation organized under the laws of the state of California. Cross-complainant owns and leases certain commercial premises in a shopping center entitled Mira Mesa Marketplace located on Westview Parkway in San Diego, California.

2.    Cross-defendant, ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478 is a corporation maintaining which leases from cross-complainant a commercial premises and operated retail store entitled Ross Dress for Less in the Mira Mesa Marketplace shopping center on Westview Parkway in San Diego, California.    Cross-defendant, MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA BREAD #4279 is a corporation maintaining which leases from cross-complainant a commercial premises and operated retail store entitled Panera Bread in the Mira Mesa Marketplace shopping center on Westview Parkway in San Diego, California. Cross-defendant, ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478 and Cross-defendant, MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA BREAD #4279 are hereinafter referred to as "Cross-defendants".

3       The true names and capacities, whether individual, corporate, associate or otherwise of cross-defendants designated herein as Roes 1 through 30, inclusive, are unknown to cross-complainant, who therefore, sues the cross-defendants by fictitious names. Cross-complainant is informed and believes and thereon alleges that each of the cross-defendants designated herein as Roe is in some manner legally responsible for the events and happenings herein referred to and when the names of the cross-defendants are ascertained, cross-complainant will seek leave of Court to amend this Cross-complaint to reflect their true names and capacities.

4.      Cross-Defendants, and each of them, have entered into an written commercial lease agreements wherein Cross-defendants expressly agreed to indemnify and hold harmless Cross-complainant from and against any and all damages or liability arising from the Cross-defendants use of the premises, conduct related to Cross-defendants' business activities, including any portion of the common areas uses by cross-defendants including compliance with the requirements of the American with Disabilities Act.

5.      Cross-defendants, and each of them, breached said agreement by failing to indemnify and defend cross-complainant in connection with the underlying litigation.

6.      Cross-complainant  has incurred and continues to incur necessary and reasonable attorneys fees and other legal costs. By the terms of the agreement Cross-complainant is entitled to recover these fees and costs from cross-defendants. Cross-complainant does not know the full amount of damages claims by Plaintiff and the amount of attorneys fees and costs and will move to amend this cross-claim when the amount becomes known.

**SECOND CAUSE OF ACTION**

(**Implied Indemnity against Cross-Defendants ROSS DRESS FOR LESS, INC. d.b.a. ROSS DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and Roes 1-30)**

7.      Cross-complainant incorporates by this reference each and every allegation of the First Cause of Action as though fully set forth herein.

8.      At all times pertinent to this action, each of the cross-defendants were the agents or employees of each of the remaining cross-defendants and were at all times acting within the

1  scope of that agency or employment.

2       9.    Plaintiff herein caused to be filed his Complaint, alleging that Cross-complainant,

3  among others, was negligent, or otherwise at fault, and that said negligence and/or fault

4  proximately resulted in Plaintiff's alleged damages.  The Complaint is incorporated by reference

5  for the purpose of showing the allegations against Cross-complainant.  Cross-complainant

6  answered the Complaint, which Answer is incorporated herein by this reference.

7       10.    Cross-complainant believes that if it is found negligent in any manner proximately

8  causing any damage to Plaintiff herein, that said negligence on the part of Cross-complainant is

9  only passive and secondary and that the negligence on the part of Cross-defendants, and each of

10  them, is active and primary.  By reason of Cross-defendants' active and primary negligence,

11  Cross-complainant is entitled to be indemnified and held harmless from any judgment in favor of

12  Plaintiff and against said Cross-complainant, together with costs, expenses, pre and post-

13  judgment interest and attorneys' fees incurred by this Cross-complainant in the defense of

14  Plaintiff's Complaint, and also in the prosecution of this Cross-complaint.

15                    **THIRD CAUSE OF ACTION**

16  **(Contribution against Cross-Defendants ROSS DRESS FOR LESS, INC. d.b.a. ROSS**

17  **DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA**

18  **BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and Roes 1-30)**

19       11.    Cross–complainant incorporates by this reference each and every allegation of the

20  First and Second Causes of Action as though fully set forth herein.

21       12.    Cross-complainant denies, and continues to deny, that Cross-complainant was in

22  any way negligent or otherwise at fault, whether as alleged in Plaintiff's Complaint or otherwise,

23  or that any acts of Cross-complainant proximately resulted in injury or damage to Plaintiff

24  whether as alleged in the Complaint herein, or otherwise.

25       13.    However, in the event that Cross-complainant is held liable to Plaintiff herein, for

26  said injuries and damages, then Cross-complainant alleges that Cross-defendants, and each of

27  them, are also negligent and/or otherwise at fault in causing Plaintiff's injuries, if any, and that

28  the conduct of said Cross-defendants was a concurrent proximate cause with that of this Cross-

1    complainant.

2    14.    By reason of the foregoing, Cross-complainant is entitled to partial indemnify

3    and/or contribution from Cross-defendants, and each of them, in proportion to the negligence

4    and/or fault of Cross-defendants, and each of them.

5    **FOURTH CAUSE OF ACTION**

6    **(Declaratory Relief against Cross-Defendants ROSS DRESS FOR LESS, INC. d.b.a. ROSS**

7    **DRESS FOR LESS #478; MANNA DEVELOPMENT GROUP, LLC. d.b.a. PANERA**

8    **BREAD #4279; MIRA MESA MARKETPLACE EAST, LLC and Roes 1-30)**

9    15.    Cross-complainant incorporates by this reference each of every allegation of the

10   First, Second and Third Causes of Action as though fully set forth herein.

11   16.    An actual controversy exists between the Cross-complainant and Cross-

12   defendants, and each of them, are in that Cross-complainant contends that Cross-defendants, and

13   each of them, are obligated to indemnify and defend the Cross-complainant.  Cross-complainant

14   alleges that Cross-defendants, and each of them, make contentions to the contrary.

15   17.    Cross-complainant requests a judicial declaration of the rights, responsibilities

16   and obligations of the Cross-defendants, and each of t hem, to the Cross-complainant.

17   WHEREFORE, Cross-complainant prays for judgment against Cross-defendants as

18   follows:

19   1.    If there by a judgment against Cross-complainant, then for judgment in that

20   amount against Cross-defendants, and each of them.

21   2.    For an Order of this Court that Cross-complainant is entitled to full indemnity

22   from Cross-defendants, and each of them, for any settlement or compromise entered into by

23   Cross-complainant, or for any judgment entered against Cross-complainant;

24   3.    For a declaration of the respective liability, responsibility and/or negligence,

25   if any of Cross-complainant and Cross-defendants, and each of them, for the alleged loss, injury,

26   damage, or detriment suffered by Plaintiff;

27   4.    For attorney's fees, investigation costs, Court costs, pre and post-judgment

28   interest, and any other expenses according to proof;

DEFENDANT MIRA MESA MARKETPLACE EAST
LLC'S AMENDED ANSWER/CROSSCLAIM          18          NO. 08 CV 0045 BTM (CAB)

5.      For such other and further relief as the Court deems proper.


Dated: May 14, 2008                    MILBERG & DE PHILLIPS


                                       */s/ Timothy G McNulty*
                              By:    _____
                                       Timothy G. McNulty
                                       Attorneys for Defendant, MIRA MESA
                                       MARKETPLACE WEST, LLC
                                       Email: tmcnulty@surflaw.net